[No. E005070. Fourth Dist., Div. Two. May 11, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
LOREN A. BOWMAN, Defendant and Appellant.

444

**COUNSEL**

Richard Segal, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Janelle B. Davis and Nancy L. Palmieri, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOLLENHORST, J.**—Defendant was tried and found guilty of eight counts of second degree burglary (Pen. Code, § 459) and two counts of grand theft auto (Pen. Code, § 487, subd. 3).[1] Additionally, the jury specifically found true the allegation that defendant took property esceeding a value of d$25,000. (§ 12022.6.) The court also found true the allegation that defendant committed an offense while released on his own recognizance (§ 12022.1), defendant having waived his right to a jury trial on this issue.

On November 19, 1987, the court imposed an upper term of three years for count 1, plus an additional year for the enhancement pursuant to section 12022.6; eight-month consecutive terms for counts 2 through 7; and two-year sentences each on counts 8 through 10, which were stayed, and an additional two-year enhancement pursuant to section 12022.1, which was stayed pending conviction on other charges. Accordingly, defendant was ordered to serve a state prison sentence of 10 years, with 2 years being stayed pending conviction on other charges. Defendant filed a timely notice of appeal.

### STATEMENT OF FACTS

On March 29, 1987, it was discovered that Inland Empire Toyota, a car dealership, had been burglarized. The dealership consists of several buildings and service departments. In addition to the damage done to an office

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

and several motorhomes, it was discovered that various items were missing from the office area, including a bicycle, a credit application copy machine, and three calculators. Additionally, stereo units, television sets and microwave units were removed from various motorhomes and vehicles. Two vehicles were missing as well. The value of all of the missing items was in excess of $25,000.

A wallet found at the dealership contained a driver's license with defendant's name. A latent fingerprint on a cassette player matched defendant's. When police arrested defendant, various items, including stereo equipment, later identified as belonging to the dealership were found in the vehicle defendant was working on at the time of the arrest.

## DISCUSSION

Defendant contends (1) the enhancement pursuant to section 12022.6 should be stricken because the court erred in allowing the jury to aggregate the value of all items taken as alleged in counts 1 through 10 in making its finding that the value of the property taken was in excess of $25,000; (2) the aggravated term on count 1 is not valid because of an invalid reason therefor and an improper dual use of facts; and (3) the court erred in imposing consecutive sentences on counts 2 through 9 on the ground that the crimes were predominantly independent of one another.

### 12022.6 ENHANCEMENT

Section 12022.6 states "[a]ny person who takes, damages or destroys any property in the commission or attempted commission of a felony, with the intent to cause such taking, damage or destruction, and the loss exceeds: [¶] (a) Twenty-five thousand dollars ($25,000), the court shall in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted impose an additional term of one year." Defendant contends the enhancement in this case must be stricken because the value of the property taken in the commission of any one of the 10 felonies for which defendant has been convicted was not in excess of $25,000 and the court erred in allowing the jury to aggregate the value of all of the property taken in the commission of all 10 felonies. Reluctantly we agree.

As our Supreme Court recognized in *People v. Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], there are "two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense." The latter attach to particular counts, while the former, those related to the nature of the offender, do not attach to any

particular counts but rather are added as the final step in computing the total sentence. Section 12022.6 is an enhancement which relates to the nature of the offense and therefore must attach to a particular count. (§ 1170.1, subd. (a).) We do not believe the language of the statute which refers to *a* felony, singularly, allows the court to aggregate the value of all property taken pursuant to multiple felonies and arbitrarily attach the enhancement to one of the convictions.

While we feel compelled to strike the enhancement because of the language of the statute, we do not believe the result is consistent with the purpose of the enhancement provision. Section 12022.6 clearly was intended to deter large-scale crime. (*People* v. *Ramirez* (1980) 109 Cal.App.3d 529 [167 Cal.Rptr. 174].) It seems inconsistent to enhance one sentence where the defendant commits a single burglary and takes property valued in excess of $25,000 and not enhance the sentence where the defendant commits multiple burglaries, none of which involve property with a value in excess of $25,000 but which, when aggregated, exceed $25,000. Both defendants have engaged in large-scale crime and yet only the first defendant receives an enhanced sentence.[2] Clearly the defendant who commits multiple burglaries poses the same, if not a greater, threat to society. The illogic of this inconsistent treatment is particularly compelling in a case such as this where there is but one victim. Clearly, as to the victim, it makes no difference whether the defendant commits multiple crimes or but one; the loss is the same. Similarly, in light of the purpose of the statute, the consequences to the defendant should be the same. We urge the Legislature to consider amending section 12022.6 to rectify this apparent inconsistent treatment. Until it does, however, we are constrained to follow the language of the statute. Accordingly, we must strike the enhancement imposed pursuant to section 12022.6.

## OTHER CONTENTIONS

Because we strike the enhancement, the resulting sentence violates section 1170.1, subdivision (g) in that the term of imprisonment exceeds twice the base term of three years. Rather than stay the one year of the sentence, we prefer to reverse and remand for resentencing so as to allow the court to reconsider all aspects of its sentencing choice. Therefore, it is unnecessary for us to consider the merits of defendant's contention that the court improperly used the value of the property not only for the enhancement but also for imposing an aggravated term in violation of section 1170, subdivision (b). ▉ However, we feel compelled to address defendant's last

---

[2] Moreover, the term of imprisonment is not limited by section 1170.1, subdivision (g) if a defendant receives an enhanced sentence.

contention regarding consecutive sentences as this issue may arise again upon resentencing.

In this regard, defendant contends the court erred in imposing consecutive sentences on the ground that the crimes were predominantly independent. Initially we note the court did not impose consecutive sentences solely on the ground that the offenses were predominantly independent but also cited as an additional ground the number of convictions. This alternative ground is proper pursuant to California Rules of Court, rule 425(a)(5). Defendant does not challenge this basis for consecutive sentences.

Consecutive sentences are permissible within the trial court's discretion under rule 425(a)(1) when the crimes and their objectives are independent of each other. Thus consecutive sentences may be imposed when separate crimes are committed against different victims or when separate crimes are committed against the same victim. (*People* v. *Floyd P.* (1988) 198 Cal.App.3d 608, 613 [244 Cal.Rptr. 269].)

■ The trial court's discretion to impose consecutive sentences is limited by section 654 which precludes punishment for multiple convictions when the convictions arise out of a single act or a course of conduct "indivisible in time, in those instances wherein the accused entertained a principal objective to which other objectives, if any, were merely incidental." (*People* v. *Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905].) Ascertaining the defendant's objective and intent is primarily a question of fact. (*Reliable Enterprises, Inc.* v. *Superior Court* (1984) 158 Cal.App.3d 604, 625 [204 Cal.Rptr. 786].) "If he entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People* v. *Beamon, supra,* 8 Cal.3d at p. 639.)

■ Here defendant did not commit a single break-in as contended, but rather committed multiple break-ins, each with a separate felonious intent. While the felonious intent in each instance was the same, this does not make the various violations incidental to each other or to one primary criminal objective. Thus, even though the violations were part of an otherwise indivisible course of conduct in that they occurred during one night, it was within the trial court's discretion to impose consecutive sentences. We find no abuse of that discretion.

■ Alternatively, defendant contends that even assuming he maintained multiple criminal objectives, the court was required to group the convic-

tions into three categories, to wit, building break-ins, vehicle break-ins and grand theft auto, citing *People* v. *Gopal* (1985) 171 Cal.App.3d 524 [217 Cal.Rptr. 487]. We disagree. Nothing in that opinion even suggests the grouping of offenses is required to avoid the strictures of section 654. Moreover, the trial court in *Gopal* specifically found two separate courses of conduct and accordingly imposed consecutive sentences for each group of offenses. ■■■ Here, there was but one course of conduct. As stated above, consecutive sentences were appropriate because defendant entertained multiple criminal objectives. *Gopal* is factually distinguishable and therefore inapplicable.

## DISPOSITION

The judgment is reversed and remanded for sentencing in accordance with the views expressed herein.

McDaniel, Acting P. J., and Dabney, J., concurred.