Filed 4/23/21; certified for publication 4/27/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C091889 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F014B) |
| v. | |
| ANGELA MICHELLE LATTEN, | |
| Defendant and Appellant. | |

Defendant Angela Michelle Latten was convicted of five counts of burglary and sentenced to a term of three years for the first count and four consecutive terms of eight months each for the remaining four counts. All five burglaries occurred on the same night on the same property. Defendant appeals, arguing the burglaries were part of the same course of conduct and thus consecutive sentences were prohibited by Penal Code[1] section 654. We disagree and affirm.

---

[1] Further undesignated section references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and two codefendants drove to the California Department of Fish and Wildlife compound in Lewiston, California. They used a grinder to break the lock to the chain blocking the driveway, drove into the property, and got out of the car. They entered five structures on the property: two evidence trailers, one housing marijuana and the other, oil-extraction tools; the warden's garage housing an all-terrain vehicle and other tools; the fisheries shop housing metalworking tools and wading gear; and the fisheries mobile home housing offices. The locks on both of the trailers' doors were cut open by a grinder. The door on the warden's garage was forced open. Defendant and her codefendants left the door to the fisheries shop open, as well as the door and window to the fisheries mobile home. They also left the cover for an electrical panel on the ground inside the fisheries mobile home. Defendant and one of her codefendants left shoe prints on top of a trailer, which they used to climb through a window to enter the fisheries mobile home. Defendant also left shoe prints in the warden's garage.

A witness, who lived on a property overlooking the compound, heard the grinder and saw a car with the silhouettes of three individuals inside drive into the compound. The witness saw the three silhouettes walk toward a warehouse building on the compound and enter it; he also saw the three silhouettes walk toward an office building. The witness later saw the car leave the compound and communicated that information to a 911 dispatcher when reporting the burglary.

Trinity County Sheriff's Deputy Seth Ruiz received a notice of the call and drove toward the compound. Around 30 minutes after the witness first reported the burglary, Deputy Ruiz stopped a car matching the description provided by the witness which was several hundred yards from the compound. Inside the car were defendant and her codefendants. While identifying the driver, Deputy Ruiz saw dried marijuana on defendant's and one of her codefendant's clothes. California Department of Fish and Wildlife Warden Jason Smith, who worked at the compound, came to the traffic stop and

2

saw a camouflage helmet in the backseat, which looked like the one he kept in the warden's garage and wore when riding the all-terrain vehicle. Also found inside the car was an evidence tag and envelope from one of the trailers, tie-down straps from the other trailer, and a come-along tool from the fisheries shop. At trial, defendant stated she owned the grinder and was familiar with its use.

Defendant was convicted of five counts of burglary, one count for each of the five buildings, as described above.

DISCUSSION

Defendant asserts the trial court improperly imposed consecutive sentences for each burglary conviction in violation of section 654's proscription of multiple punishments. We disagree.

Section 654 "prohibits multiple sentences where the defendant commits different acts that violate different statutes but the acts comprise an indivisible course of conduct engaged in with a single intent and objective." (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 196.) "Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Defendant argues the course of conduct is indivisible because it affected only a single possessory interest. Her reliance on cases focusing on invasion of multiple possessory interests is misguided, however, because those cases explore the exception for multiple burglaries of a single building. (*People v. O'Keefe* (1990) 222 Cal.App.3d 517, 520-521 [possessory interest used to show separate entries of a "room" or "apartment" supporting multiple counts of burglary despite the fact the burglaries occurred within a

single building]; *People v. James* (1977) 19 Cal.3d 99, 119 [§ 654 did not apply to burglaries of separately rented offices within the same commercial building "merely because his victims chose the same landlord"].)  Here, defendant and her codefendants made multiple entries of multiple buildings, thus the cases defendant relies on are distinguishable.

Instead, defendant's case is like *People v. Bowman* (1989) 210 Cal.App.3d 443, 448, where the court affirmed separate entries were divisible conduct for the purposes of section 654 where the intent to enter each building located on the same property was independent of the other entries.  (See also *People v. Harrison* (1989) 48 Cal.3d 321, 325 [§ 654 does not bar multiple punishment because a defendant commits the same offense multiple times, even if the intent for each offense is necessarily the same].)  Indeed, "[i]f a course of criminal conduct causes the commission of more than one offense, each of which can be committed without committing any other, the applicability of section 654 will depend upon whether a separate and distinct act can be established as the basis of each conviction."  (*People v. Knowles* (1950) 35 Cal.2d 175, 187.)

In *Bowman*, the defendant broke into several buildings, motorhomes, and vehicles on a car dealership property.  (*People v. Bowman*, *supra*, 210 Cal.App.3d at pp. 445-446.)  The appellate court explained the defendant "committed multiple break-ins, each with a separate felonious intent.  While the felonious intent in each instance was the same, this does not make the various violations incidental to each other or to one primary criminal objective."  (*Id*. at p. 448.)  Defendant attempts to distinguish her case from *Bowman* by claiming *Bowman* dealt with "separate 'victims' with independent 'interests.' "  Not so.  As explained, the defendant in *Bowman* committed multiple burglaries on a single car dealership by entering various buildings and motorhomes all owned or possessed by that dealership.  (*Id*. at pp. 445-446.)  Thus, defendant's case is like *Bowman* where the appellate court found consecutive sentencing was supported by substantial evidence.  (*Id*. at p. 448.)

4

Here, the trial court explained defendant held a distinct intent and objective with each entry. It referred to the "individual character of . . . the buildings," which each housed "different property of a different nature" to support its conclusion the acts were separate. There is sufficient evidence to support this: one trailer contained marijuana samples, the other trailer contained extraction tools, the warden's garage contained the all-terrain vehicle, its battery and helmet, the fisheries shop contained metalworking tools and wading gear, and the fisheries mobile home contained offices. Like in *Bowman*, defendant intended to steal from each building she and her codefendants burglarized, but her intent was distinct for each act because she sought new property to steal by entering each building.

Because there is sufficient evidence to show the entries were separate, we affirm the trial court's determination.

### DISPOSITION

The judgment is affirmed.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Mauro, J.

/s/_____
Hoch, J.

5

Filed 4/27/21

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C091889 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F014B) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| ANGELA MICHELLE LATTEN, | |
| Defendant and Appellant. | |

THE COURT:

The opinion of this court filed April 23, 2021, was not certified for publication in the Official Reports. For good cause it now appears the opinion should be published in its entirety in the Official Reports and it is so ordered.

BY THE COURT:

 /s/
Robie, Acting P. J.

 /s/
Mauro, J.

 /s/
Hoch, J.

1

EDITORIAL

APPEAL from a judgment of the Superior Court of Trinity County, Eric L. Heryford, Judge. Affirmed.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.