[Crim. No. 43163. Second Dist., Div. Six. July 8, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
STUART H. SIMON, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman H. Sokolow and Otis D. Wright, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ABBE, J.**—Appellant claims numerous errors were committed in the determination of sentence upon his negotiated plea to 12 of 37 counts of forgery. (Pen. Code, § 470.) Each count alleged a single forged check in a different amount. The dates alleged in the counts covered approximately 14 months and each count named as the victim a bank and the El Camino Real Soccer League. At the time of the commission of these offenses appellant was the treasurer of the soccer league.

Appellant was sentenced to serve six years in state prison, consisting of the upper term of three years on count I and an additional term of three years for unstayed consecutive terms on the remaining eleven counts. Appellant contends the court failed to properly utilize California Rules of Court in sentencing him by (a) misapplying certain factors in aggravation, (b) in failing to consider certain factors in mitigation, (c) in making dual use of facts to both impose the upper term and to impose consecutive terms, and (d) in erroneously finding that the forgeries were committed at distinctly different times. We find no error and affirm.

We reject respondent's contention that the appeal is untimely in that sentence was actually imposed when the appellant was first placed on probation. While the court which placed him on probation made extensive findings on the record, both the transcript and the clerk's minutes indicate the imposition of sentence was suspended and the appellant was placed on probation at that time. Therefore, this order imposing sentence upon probation revocation is the proper order from which to appeal. (Cal. Rules of Court, rule 435(b)(1); Pen. Code, § 1237.)

### Factors In Aggravation

The appellant's first contention regarding misapplication of factors in aggravation is that the court erred in finding the victim soccer league was particularly vulnerable. (Cal. Rules of Court, rule 421(a)(4).) Appellant's contention is threefold: (1) that this factor only applies to victims of violent crimes, (2) that this factor only applies to persons and not to institutions, and (3) that even if it applies to institutions the victim here was the bank and not the soccer league and it was, therefore, error to find the victim particularly vulnerable.

There is no definition of "victim" in the California Rules of Court regarding sentencing. (Cal. Rules of Court, rule 401 et seq.) Definitions of "victim" contained in the Codes are not helpful because they are expressly limited to the chapters wherein they are found. (See Pen. Code, § 136,

subd. (3) and Gov. Code, § 13960, subd. (a)(1)-(4).) Subdivisions (b)(1) and (3) of Penal Code section 1203.04 (added by Stats. 1982, ch. 1413, § 5, p. 5403) provide some assistance in that they relate to sentencing and equate "victim" with "aggrieved parties" suffering financial losses of property, as well as losses due to physical injury, for purpose of restitution. Rule 410 of the California Rules of Court sets forth the objectives in sentencing. It includes the objective of "securing restitution for the victims of crime" (subd. f). Other rules use the word in a similar context (see, e.g., rule 419(a)(5).). While most reported cases have used this factor in relation to violent crimes, other courts of appeal have rejected attempts to limit this factor to the physical characteristics of persons injured by violent crimes. (See *People* v. *Ramos* (1980) 106 Cal.App.3d 591 [165 Cal.Rptr. 179].) In *Ramos* the court held that it was proper in applying this factor to "consider the total milieu in which the commission of the crime occurred." (*Ibid.*, at p. 607.)

The overall purpose of the determinate sentencing law (Pen. Code, § 1170 et seq.) and the rules of court enacted pursuant thereto is to assure "that prison terms are proportionate to the seriousness of the offense and uniform among persons committing the same offense under similar circumstances." (*People* v. *McCart* (1982) 32 Cal.3d 338, 340 [85 Cal.Rptr. 284, 649 P.2d 926]; Pen. Code, § 1170, subd. (a)(1).) ■ This purpose is best served by defining "victim" as any sufferer of loss as a result of criminal activity whether the loss is to property or person. This definition enables the sentencing judge to look at the facts and circumstances of each case to determine whether the criminal activity was directed toward those who may be particularly vulnerable to losses and to select an appropriate term based on that determination in sentencing persons who commit crimes against either property or persons. It was not error for the court to consider the league a victim.

■ The phrase "particularly vulnerable" has been defined as follows: "Particularly, as used here, means in a special or unusual degree, to an extent greater than in other cases. Vulnerability means defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act." (*People* v. *Smith* (1979) 94 Cal.App.3d 433, 436 [156 Cal.Rptr. 502].) It was appropriately used here.

■ The record indicates that the league is a volunteer organization made up of approximately 1800 boys and girls between the ages of 9 and 18 whose fund-raising drives and parents' contributions generated the money on deposit. It lacked internal controls and was operated on trust. At the time sentence was pronounced the league had recovered only part of the loss sustained by the forgeries from the banks on which the checks were drawn. The league had to borrow funds and pay legal fees to recover at all

and to stay in existence. The contention that only the banks were victims is without merit.

Appellant's other claimed errors regarding the misuse of factors in aggravation are also without merit. ■ The contention that the court considered the amounts taken in other counts, including the dismissed counts, in finding the taking to have been of "a substantial amount of money" (Cal. Rules of Court, rule 421(a)(10)) is not supported by the record. The aggravated term was imposed on count I which involved a forged check in the sum of $2500, the largest amount taken in any of the counts. Such a fact is sufficient to support the finding.

■ The finding that appellant's adjudications of criminal activity are of increasing seriousness (Cal. Rules of Court, rule 421(b)(2)) is supported by the record. The appellant had an earlier conviction involving forgery where the amount of the checks alleged in the single count averaged $49. The criminal activity in this case is more serious.

■ Violation of a position of trust is not an element of the offense of forgery. Therefore, the finding that the defendant took advantage of a position of trust in committing the offense (Cal. Rules of Court, rule 421(a)(10)) was not prohibited by the rule forbidding the use of an element of the crime in imposing the upper term. (Cal. Rules of Court, rule 441(d).) The fact that appellant held a position of trust as treasurer of the league enabled him to successfully forge the checks does not alter this result.

### Factors In Mitigation

Appellant claims the court erred in limiting its finding of factors in mitigation and that proper consideration of all the factors in mitigation outweigh the proper factors in aggravation. We disagree.

First, appellant's prior record is not insignificant as a matter of law. ■ Second, the rules require only that the sentencing judge *consider* relevant criteria. (Cal. Rules of Court, rule 409.) The record reflects that the court considered all the probation reports before imposing sentence. These reports include all of appellant's statements which provide the sole basis for the contention that there were other mitigating factors. The claim that there was great provocation involved in inducing the crime apparently alludes to the fact that at the time of the commission of these offenses defendant was undergoing marital difficulties. The reports document appellant's claim that his conduct was partially excusable because he was psychologically ill in that he was a compulsive gambler. The court was not required to state on the record why it did not find in favor of those claims in mitiga-

tion. ■ As the matters cited in aggravation both quantitatively and qualitatively outweigh those in mitigation the court did not err in imposing the upper term.

*Imposition of Consecutive Sentences*

The assertion by appellant that the court imposed consecutive sentences based on the total amount of money taken in all 37 counts after already considering this factor in imposing the upper term is not supported by the record. The court at no time mentioned the total amount taken or any amount during the course of sentencing. ■ The sole reason stated by the court for imposing consecutive terms was that the offenses were committed at distinctly different times and not during a single period of aberrant behavior. (Cal. Rules of Court, rule 425(a)(3).)

It is argued that this determination was "simply wrong" because many of the counts to which the appellant pled took place on the same day; the remainder took place within the course of a single month, and all of the conduct was directed towards the league. The court was not limited here to making this finding based only on the counts to which the appellant had pled. In the Felony Disposition Agreement executed by the parties, the appellant expressly waived the protections provided by the court in *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. In that waiver the defendant agreed that information pertaining to dismissed counts may be considered by the court in determining the sentence. Since the forgeries alleged in the 37 counts cover a period in excess of a year it certainly would not be error for the court to find that they were committed at distinctly different times. Even if the court were limited to only those counts to which the defendant pled, 6 of those counts occur on different dates covering a 40-day period. Consecutive sentences imposed merely on those counts would result in a sentence longer than that ordered to be served by the appellant. Therefore, the imposition of consecutive terms was proper.

The judgment is affirmed. .

Stone, P. J., and Gilbert, J., concurred.