[No. B015555. Second Dist., Div. Six. Aug. 15, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JEANNE COMBS, Defendant and Appellant.

**COUNSEL**

Maureen J. Shanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susan Lee Frierson and Robert David Breton, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STONE, P. J.**—Jeanne Combs appeals from the judgment entered following her plea of guilty to soliciting another to commit murder (Pen. Code, § 653f, subd. (b)). She contends: "I. The trial court abused its discretion in its choice of aggravating factors for the determination of appellant's sentence.

II. The trial court abused its discretion in failing to consider certain mitigating circumstances in sentencing the appellant."

Information contained in the report of the probation officer reveals that appellant had been released on bail awaiting trial in Ventura County on charges she sexually molested 14-year-old Benjamin L., the son of her common-law husband, Richard L.[1] Richard L. had already been convicted of similar charges and was serving a sentence at the California Men's Colony in San Luis Obispo. While imprisoned, Richard L., with the assistance of fellow inmate Bobby Wilson, devised a scheme whereby another inmate, Norman Purnell, who was scheduled for parole, was to place Benjamin under surveillance for three days, then kidnap him from his home and take him to a deserted area near Lancaster where Benjamin would be forced to write letters retracting his accusations against appellant and Richard. The letters were also to include statements of Benjamin's intention to run away since Richard had learned through interviews with prison psychiatrists that it would be normal for the boy to run away if he were lying to avoid the mental pressure of his deception. After forcing Benjamin to write the letters, Purnell was to kill Benjamin, "pour battery acid on the dead body and then burn the body." Richard believed this chain of events would lead to his release and the dismissal of the case against appellant. Appellant's part in the plot was to receive the letters written by Benjamin and then mail a $2,000 payment to Purnell.

At sentencing the court stated that it had considered the report of the probation officer and arguments of counsel and found as factors in aggravation that the victim was particularly vulnerable, that the offense was committed while appellant was on bail and that the planning, sophistication and professionalism with which the crime was carried out indicated premeditation. The court stated its finding of vulnerability was based on "the fact that the victim in this case had also been a victim of a child molest [*sic*] in which the co-Defendant had been convicted and which the present Defendant is charged." In mitigation the court found that appellant had acknowledged wrongdoing at an early stage and had no significant prior criminal record. The court found the aggravating factors outweighed the mitigating factors and imposed the upper term of six years.

---

[1] Judicial notice has been taken of this court's file in B019875 which is an appeal from the judgment in Ventura County Superior Court case number CR 19220. In that matter, the upper term sentence appellant received here was recomputed as a middle term of four years and ordered to run consecutively to the term imposed in CR 19220. Although that resentencing renders appellant's instant attack on the imposition of the upper term here technically moot, we address the merits of appellant's claim as the judgment in Ventura County Superior Court case number CR 19220 is not yet final.

Appellant's contention that the trial court abused its discretion in its choice of aggravating factors is meritless. Premeditation was an appropriate factor in aggravation based upon the planning, sophistication and professionalism exhibited by the participants in this solicitation. The claim that premeditation is an element of soliciting another to commit a crime lacks merit. Although solicitation necessarily involves making a request of another, it does not necessarily involve premeditation as such a request could be made spontaneously. Certainly the level of criminal sophistication exhibited here went far beyond the premeditation required to commit solicitation of murder. (Cal. Rules of Court, rule 421(a)(8); *People* v. *Levitt* (1984) 156 Cal.App.3d 500, 516 [203 Cal.Rptr. 276]; *People* v. *Kellett* (1982) 134 Cal.App.3d 949, 961 [185 Cal.Rptr. 1]; *People* v. *Mathews* (1980) 102 Cal.App.3d 704, 710 [162 Cal.Rptr. 615].)

The court could properly consider appellant's bail status as a factor in aggravation. Although this factor is not specifically listed in California Rules of Court, rule 421, the court may consider any additional factor reasonably related to the decision being made. (Cal. Rules of Court, rule 408(a).) Here the "out on bail" status is an appropriate factor in aggravation not only because the commission of crimes by those released on bail is a serious concern (see Pen. Code, § 12022.1) but also because 14-year-old Benjamin was the victim in the case in which appellant had been released on bail. Thus, appellant's bail status was reasonably related to the court's sentencing decision. (*People* v. *Wright* (1982) 30 Cal.3d 705, 710 [180 Cal.Rptr. 196, 639 P.2d 267].)

Appellant's related assertion that the vulnerability of the victim is an inappropriate factor in aggravation is also meritless. Indeed, it is hard to imagine a more vulnerable victim than Benjamin. Appellant, with molestation charges pending against her, plotted with prison inmates to place the boy under surveillance for three days, then kidnap him from his home and take him to the desert where he would be forced to recant his allegations of molestation and then horribly murdered. Clearly, the court's finding that the victim was particularly vulnerable was well within its discretion. (*People* v. *Simon* (1983) 144 Cal.App.3d 761, 765 [193 Cal.Rptr. 28].)

■ Appellant's contention that the trial court abused its discretion in failing to consider additional mitigating factors is similarly meritless. All of the claimed mitigating factors were presented to the sentencing court both in appellant's written statement in mitigation and orally at the time of sentencing. A sentencing court need not state reasons for rejecting mitigating factors. (*People* v. *Davis* (1980) 103 Cal.App.3d 270, 281 [163 Cal.Rptr. 22].) The record reveals no abuse of the court's discretion in weighing the

aggravating and mitigating factors. (*People* v. *Evans* (1983) 141 Cal.App.3d 1019, 1022 [190 Cal.Rptr. 633].)

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.