[No. C001371. Third Dist. Feb. 11, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
FLOYD P., Defendant and Appellant.

**COUNSEL**

David M. Shore, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, W. Scott Thorpe and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

HARVEY, J.*—Defendant appeals from a judgment convicting him of four counts of of lewd conduct with a child under 14 years old in violation of Penal Code section 288, subdivision (a).

Defendant was originally charged in the information with the following offenses: counts I through X inclusive - violation of Penal Code section 288, subdivision (b), count XI - violation of Penal Code section 261, subdivision (2), counts XII through XV inclusive - violation of Penal Code section 288, subdivision (a), and count XVI - violation of Penal Code section 647, subdivision (a). The first 12 counts and count XVI involved defendant's daughter, S., and the remaining counts involved his younger daughter, C.

The defendant originally pleaded not guilty to all counts. On October 18, 1985, defendant signed a form acknowledging that he was charged with the recited offenses and then stating "I acknowledge the following plea bargain and desire to enter my plea pursuant to it." The document goes on to state: "Defendant pleads guilty to 4 counts of P.C. § 288(a)[.] (3 cts. v. [S] and 1 ct. v. [C].) All other counts dismissed. District attorney stipulates to P.C. 288.1 referral, and stipulates that the count regarding victim [C.] is to be stayed. *Harvey* waiver. Dism. cts." The document then states that the defendant acknowledges that he could receive up to 14 years in state prison plus 3 years of parole as a consequence of the plea. Near the bottom of the form, the district attorney signed the following statement: "The People of the State of California, Plaintiff in the above-entitled criminal action, by and through its attorney, the Shasta County District Attorney, concur in the defendant's plea of guilty as indicated in the above declaration and move the Court to dismiss all other charges pending in this action." The judge then signed an order at the bottom of the form that the pleas be accepted.

The transcript of the oral proceedings shows that the court questioned the defendant about the document. The defense attorney informed the court that, to carry out the bargain, the first three counts involving the victim, S., should be amended, whereupon the district attorney moved and the court ordered the first three counts amended to allege a violation of Penal Code

---

* Assigned by the Chairperson of the Judicial Council.

section 288, subdivision (a). The defense attorney further informed the court that the count involving the victim, C., was to be stayed. The district attorney then said, "In other words, he is going to plead to four counts, your Honor, and we're really stipulating to a 12 year top." The transcript further shows that the district attorney informed the court, "[T]here would also be a plea to count XIII as alleged, your Honor, so it would be four counts at 288(a). Stipulation would be that any sentence on—on the fourth one, or [C.] as the victim, that that sentence would be stayed on that count, so there would be a maximum exposure of 14 years."

The court then explained a *Harvey* waiver to the defendant, and the defendant assented to the *Harvey* waiver.[1] Then, following the entry of the pleas of guilty to amended counts I, II and III and to count XIII, the remaining counts were dismissed.

The trial court sentenced the defendant to the midterm of six years for the violation of Penal Code section 288, subdivision (a), as alleged in count XIII, the count involving his daughter, C. The court sentenced defendant to six years each on counts I and II, but the court ordered those counts to run consecutively to the term imposed for count XIII. Because of the limitations of Penal Code section 1170.1 on the duration of consecutive terms, four years of each of those consecutive terms were stayed. Finally the court imposed a term of six years for the violation of Penal Code section 288, subdivision (a), alleged in count III, and the court ordered that term to run concurrently with the term imposed under count XIII.

Defendant has appealed, complaining that the court's sentence violates the plea bargain by imposing an unstayed sentence on count XIII and that the court erred in denying probation and imposing consecutive terms for counts I and II. Defendant also complains that different judges accepted the plea bargain and imposed sentence. (See *People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].)

■ Penal Code section 1192.5 provides that a court accepting a plea bargain "may not proceed as to such plea other than as specified in the plea." (See also *People* v. *Flores* (1971) 6 Cal.3d 305 [98 Cal.Rptr. 822, 491 P.2d 406].) When the trial judge imposed the sentence on count XIII as the principal term, therefore, he erred because the plea bargain specified that the sentence on that count would be stayed. The sentence as imposed was

---

[1] *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396] held that a court cannot consider the facts underlying a dismissed count when sentencing on other counts if those facts are not transactionally related to any of the remaining counts. A *Harvey* waiver permits a sentencing court to consider the facts underlying a dismissed count. (*People* v. *Simon* (1983) 144 Cal.App.3d 761, 767 [193 Cal.Rptr. 28].)

for offenses involving two minors, a factor considered by the trial court in imposing consecutive sentences. The terms of the plea bargain permitted execution of sentences only for offenses involving one minor. Hence, the judgment must be reversed and the matter must be remanded to the trial court.

We note, however, that on remand the trial court cannot simply resentence the defendant in accordance with the plea bargain.[2]

■ When a defendant is convicted of a crime by either plea or verdict, it is the duty of the court to pass sentence and impose the punishment prescribed. (Pen. Code, § 12.) Pursuant to this duty, the court must either impose the prescribed punishment or grant probation in a lawful manner. (Pen. Code, § 12; *People* v. *Santana* (1986) 182 Cal.App.3d 185, 191 [227 Cal.Rptr. 51]; *People* v. *Cheffen* (1969) 2 Cal.App.3d 638, 641 [82 Cal.Rptr. 658]; *People* v. *Superior Court* (1962) 202 Cal.App.2d 850, 855 [21 Cal.Rptr. 178]; *People* v. *Morrow* (1964) 275 Cal.App.2d 507, 514-515 [80 Cal.Rptr. 75].) We know of no general authority for the court to impose sentence and then to simply stay execution permanently. A court has authority to stay execution to avoid the restrictions of Penal Code section 654, prohibiting double punishment for the same act, or to avoid statutory restrictions on the duration of consecutive sentences under Penal Code section 1170.1, or for the purpose of granting probation under Penal Code section 1203. But the sentence here does not fall within any of those categories and there is no authority otherwise to simply stay permanently an imposed sentence.

Here, the plea bargain purports to authorize the court to exercise a power it does not have. Since the plea bargain cannot be carried out according to its terms, the orders entered on the basis of the plea bargain must be vacated.

We note, too, that the offenses charged here are listed in section 1192.7 and the prosecuting attorney failed to state on the record the grounds which permit a plea bargain under that section as required by section 1192.6. (*People* v. *Cardoza* (1984) 161 Cal.App.3d 40, 45 [207 Cal.Rptr. 388].) Since the matter must be remanded, the trial court can readily require compliance with sections 1192.6 and 1192.7 if there are further proceedings to which those sections apply.[3]

---

[2] We granted the People's request for a rehearing because this issue was neither briefed nor argued before our original opinion was filed. (Gov. Code, § 68081.)

[3] The People have suggested the proper course is to dismiss count XIII. We have no reason to assume that on remand the People will be unable to show an adequate basis to dismiss count XIII or any other counts or to amend counts I-III. If the trial court is persuaded by the

Since the matter must be remanded for further proceedings, and the other contentions of the defendant may be made again, we will consider those for the guidance of the trial court.

The defendant's complaint that one judge accepted the plea bargain and another judge imposed sentence is frivolous. The record shows that the defendant entered an *Arbuckle* waiver on January 13, 1986.

The court's decision to deny probation was well within the discretion of the sentencing court. (*People* v. *Bolton* (1979) 23 Cal.3d 208, 216 [152 Cal.Rptr. 141, 589 P.2d 396].) Before pronouncing sentence, the court read and considered the probation report, a psychiatric evaluation of the defendant, the testimony of two psychotherapists, and letters from the victims, the defendant's daughters. ■ Probation was denied, "based on the fact that this conduct occurred over an extended period of time and involved two children." This was a sufficient basis to deny probation under the provisions of rule 414(c)(1) ("[t]he nature, seriousness, and circumstances of the crime").[4]

The trial court imposed consecutive sentences on counts XIII, I, and II because XIII involved a different victim from the one in counts I and II. The defendant claims error and points to rule 425(a)(4), which refers to the circumstance where "[a]ny of the crimes involved multiple victims." In *People* v. *Humphrey* (1982) 138 Cal.App.3d 881, 882 [188 Cal.Rptr. 473], this court held that the quoted language applies only to a situation where a defendant is convicted of a crime involving multiple victims. Here, none of the individual crimes charged involved multiple victims. The defendant is simply looking at the wrong subdivision of rule 425. ■ Subdivision (a)(1) of rule 425 permits the imposition of consecutive terms when the crimes and their objectives are independent of each other. When separate crimes are committed against different victims, or when separate crimes are committed against the same victim, consecutive terms can be imposed within the court's discretion under rule 425(a)(1).

The defendant also argues that the acts were committed "so closely in time and place as to indicate a single period of aberrant behavior." Hence, he claims that concurrent terms should have been ordered under rule 425(a)(3). Again, the consecutive sentences were within the trial court's discretion under rule 425. The court found that "the acts occurred on separate and distinct occasions." Moreover, the defendant entered his guilty

---

People's showing pursuant to section 1192.6 that the plea bargain is authorized by section 1192.7, the court can dismiss count XIII and impose sentence on the remaining counts. If the court is not so persuaded, it must set aside the bargained-for plea and begin anew.

[4] All citations to a rule refer to the California Rules of Court.

plea with a *Harvey* waiver, permitting the court to consider the criminal conduct that resulted in the dismissed charges. (*People* v. *Simon* (1983) 144 Cal.App.3d 761, 767 [193 Cal.Rptr. 28].)

The judgment is reversed. The case is remanded to the trial court for further proceedings consistent with this decision.

Puglia, P. J., and Sparks, J., concurred.