230 Cal.App.3d 1627 (1991)
282 Cal. Rptr. 100
THE PEOPLE, Plaintiff and Respondent,
v.
JESUS ZAMORA, Defendant and Appellant.
Docket Nos. F012983, F012985.
Court of Appeals of California, Fifth District.
June 7, 1991.
*1630 COUNSEL
Joan Isserlis, under appointment by the Court of Appeal, for Defendant and Appellant.
*1631 John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
BEST, P.J. 

STATEMENT OF THE CASE
Defendant was charged with possession of cocaine for sale (Health & Saf. Code, § 11351) in three separate informations based on three searches of his house. These searches occurred on February 5, 1988 (case No. 8052), May 11, 1988 (case No. 8100), and February 21, 1989 (case No. 8532). Two of the informations, Nos. 8052 and 8532, also charged defendant with committing a crime after being released on bail. (Pen. Code, § 12022.1.)
On April 13, 1989, defendant pled guilty to possession of cocaine (Health & Saf. Code, § 11350) in case No. 8052, and guilty to possession of cocaine for sale in case No. 8100. The plea was conditioned on defendant receiving a prison term of no more than four years, eight months. However, on July 6, 1989, defendant moved to withdraw his guilty pleas. The court granted this request.
Shortly thereafter defendant again entered guilty pleas. He pled guilty in case No. 8532 to possession of cocaine for sale and in case No. 8052 to possession of cocaine. Case No. 8100 was to be dismissed. The parties stipulated to there being a factual basis for the pleas.
Defendant was sentenced to the aggravated term of four years in state prison in case No. 8532, the principal term. The court imposed the mid-term two-year sentence in case No. 8052 to be served consecutively with two-thirds stayed for a total term of four years, eight months. Case No. 8100 was dismissed.
We will reject defendant's contentions in the appeal and affirm the judgment.

STATEMENT OF FACTS
On February 5, 1988, defendant's house was searched pursuant to a warrant. The search uncovered 236 grams of cocaine, 31 grams of heroin, *1632 and over $32,000 in cash. Defendant was in Mexico at the time of the search.
The house was searched a second time on May 11, 1988, when defendant was again not present. This time 700 grams of cocaine and $1,753 in cash were found.
Defendant was present for the third search of his house on February 21, 1989. The search uncovered 113.4 grams of cocaine and $3,374 in cash.
When interviewed by the probation department, defendant claimed it was his wife who sold the drugs and that he was unaware of her activities until after her first arrest. He also stated he asked his wife to stop but she did not listen and continued to sell drugs.

DISCUSSION

I. Whether the trial court was required to develop a record setting forth the factual basis for the pleas rather than accept a stipulation that such a factual basis existed.

(1a) When defendant entered his guilty pleas, the parties stipulated to there being a factual basis for these pleas. Defendant contends the trial court erred in failing to develop a record setting forth the factual basis for the pleas and, consequently, he should be permitted to withdraw those pleas. The issue was addressed in supplemental briefs filed pursuant to this court's direction. The Attorney General argues this issue is not cognizable on appeal because defendant did not file a written statement as part of his notice of appeal setting forth grounds going to the legality of the proceedings as required by Penal Code section 1237.5. As discussed below, the Attorney General is correct.
(2) Compliance with Penal Code section 1237.5 is a condition precedent to an appellate attack on the validity of a guilty plea. (People v. Pinon (1979) 96 Cal. App.3d 904, 908, fn. 2 [158 Cal. Rptr. 425].) Although the requirement of a certificate of probable cause was recently abolished by an amendment to Penal Code section 1237.5, a verified statement of grounds for appeal is still necessary. Section 1237.5 now provides in pertinent part:
"No appeal shall be taken by a defendant from a judgment of conviction upon a plea of guilty ... except where the defendant has filed as part of the notice of appeal a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (Stats. 1988, ch. 851, § 1.)
*1633 (3) Penal Code section 1237.5 is inapplicable only where the appeal is "based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, ..." (Cal. Rules of Court, rule 31(d).)
(1b) Here, in asserting that the record does not demonstrate the existence of an adequate factual basis for his guilty pleas, defendant is attacking the validity of those pleas. Thus, a verified statement of grounds for appeal was required by Penal Code section 1237.5 and California Rules of Court, rule 31(d). Since defendant did not file such a statement, the appropriate response for this court is to not discuss the merits of defendant's contention. (Cf. People v. Ballard (1985) 174 Cal. App.3d 982, 988 [220 Cal. Rptr. 323].)
Despite a defendant's noncompliance with Penal Code section 1237.5, some reported cases have engaged in the practice of referring to the statute and then moving on to the merits of the case in the interest of "judicial economy." Although this court has occasionally followed such a line of reasoning (People v. Santos (1976) 60 Cal. App.3d 372 [131 Cal. Rptr. 426]; People v. Williams (1980) 103 Cal. App.3d 507 [163 Cal. Rptr. 169]), it reconsidered and criticized this practice in In re Chadwick C. (1982) 137 Cal. App.3d 173 [186 Cal. Rptr. 827]. There, Justice Woolpert stated that the Penal Code section 1237.5 purpose of discouraging frivolous appeals is not promoted by this practice and noted, "[t]his practice has been roundly criticized as counterproductive." (Chadwick C., supra, at p. 178, fn. omitted.)
"`The vice in such ad hoc dispensations from the procedural requirements of section 1237.5 is that the long range purposes of the statute are effectively defeated. Defendants and their appellate counsel are encouraged to raise issues which have not been first presented to the trial court in the hope that the appellate court will be moved by its own notion of judicial economy to entertain those issues on their merits.... The end result is that section 1237.5 is effectively nullified since the appellate courts must review these issues if only to determine whether it will be "economical" to decide them on their merits.' (People v. Pinon (1979) 96 Cal. App.3d 904, 909 [158 Cal. Rptr. 425].) `Judicial economy, the usual excuse for circumventing this section, is a sorry excuse for ignoring a statute which was enacted for that very consideration.' (People v. Musante (1980) 102 Cal. App.3d 156, 158 [162 Cal. Rptr. 158].)" (In re Chadwick C., supra, 137 Cal. App.3d 173, 178, fn. 4.)
Further, the alleged error in this case does not parallel the types of alleged errors the courts have chosen to entertain on the merits despite *1634 noncompliance with Penal Code section 1237.5. Rather, in similar situations, two cases have refused to discuss the merits of a claim that the guilty plea was invalid because the record did not reflect a factual basis for the plea. (People v. Pinon, supra, 96 Cal. App.3d 904; People v. Patterson (1984) 151 Cal. App.3d 252 [198 Cal. Rptr. 585].)
In general, underlying the decision to discuss a case on the merits despite noncompliance with Penal Code section 1237.5 is the premise, either stated or unstated, that the defendant's challenge would be cognizable in habeas corpus proceedings. For example, in People v. Santos, supra, 60 Cal. App.3d 372, decided by this court, the defendant alleged he received ineffective assistance of counsel in perfecting his appeal. Ignoring the requirements of Penal Code section 1237.5 in this manner has been rationalized on the ground that it forestalls "`... an inevitable collateral attack on the basis of inadequacy of counsel for not securing a certificate of probable cause....' [Citation.]" (People v. Tirado (1984) 151 Cal. App.3d 341, 348 [198 Cal. Rptr. 682].) In addition to ineffective-assistance-of-counsel claims, courts have discussed challenges involving the trial court's lack of jurisdiction. (People v. Jerome (1984) 160 Cal. App.3d 1087 [207 Cal. Rptr. 199]; People v. Arwood (1985) 165 Cal. App.3d 167 [211 Cal. Rptr. 307].) Other courts have acknowledged that the issues were not cognizable on appeal absent a certificate of probable cause but then gone on to gratuitously discuss the merits of those issues. (People v. Williams, supra, 103 Cal. App.3d 507; People v. Perry (1984) 162 Cal. App.3d 1147 [209 Cal. Rptr. 414].)
However, as noted above, the better practice is to resist temptation to entertain the appeal and refuse to discuss the merits even though this might precipitate a collateral attack on the defendant's conviction. To do otherwise only encourages defendants convicted by plea to flout Penal Code section 1237.5 and California Rules of Court, rule 31(d) and subverts a well-conceived procedural scheme. (People v. Ballard, supra, 174 Cal. App.3d 982, 989.)

II. Whether the sentence imposed constitutes cruel and unusual punishment.

(4a) Defendant contends his sentence is disproportionate to his culpability because he was at most a passive participant in his wife's illegal activities. Relying on People v. Dillon (1983) 34 Cal.3d 441 [194 Cal. Rptr. 390, 668 P.2d 697], defendant contends that, under the circumstances, his four-year, eight-month sentence constitutes cruel and unusual punishment. (5a) Although framed and presented as a constitutional issue, the essence *1635 of defendant's argument is contained in the following passage from his opening brief:
"In the case at bar, a normally law-abiding, middle-aged man with ongoing responsibilities to eight children has been sentenced to four years and eight months in state prison because he did not succeed in dissuading his wife from trafficking in drugs. The punishment imposed upon appellant befitted one who exercised control over drugs held for sale and actively aided a trafficker, not one whose misdeed was to put up with his wife's trafficking." This argument overlooks defendant's plea of guilty to the charges. (6a) "`By entering a guilty plea to an offense, a defendant admits each element of the offense....'" (People v. Sabados (1984) 160 Cal. App.3d 691, 696 [206 Cal. Rptr. 799], citing People v. Suite (1980) 101 Cal. App.3d 680, 689 [161 Cal. Rptr. 825]; see also People v. Hunt (1985) 174 Cal. App.3d 95, 108 [219 Cal. Rptr. 731].) (5b) Although defendant phrases his claim in terms of punishment, his attack on the sentence as being disproportionate to his degree of culpability is, in reality, an attack on the validity of the plea and, as such, the issue is not cognizable on appeal unless Penal Code section 1237.5 has been complied with. (People v. Sabados, supra, 160 Cal. App.3d at p. 696.) As discussed above, defendant did not comply with Penal Code section 1237.5.
(6b) It is fundamental that defendant's guilty pleas constitute an admission of every element of the offenses charged, and concede that the prosecution possesses legally admissible evidence sufficient to prove the defendant's guilt of those charges beyond a reasonable doubt. (People v. Turner (1985) 171 Cal. App.3d 116, 125 [214 Cal. Rptr. 572].)
In People v. Hunt, supra, 174 Cal. App.3d 95, Hunt contended the sentences imposed following his guilty pleas constituted cruel and unusual punishment because they failed to recognize significant gradations of culpable behavior. (Id. at p. 107.) The appellate court's reasoning in rejecting the contention is equally applicable here:
"`Gradations of culpability' are troublesome to distinguish where a defendant has entered a plea of guilty. (7) When a defendant pleads guilty to a crime not divided into degrees, or when he pleads guilty to a particular degree of crime, no trial is held concerning guilt and there are no controverted issues since every element of the crime is admitted. [Citations.] His right to appeal is confined rationally and necessarily to fundamental errors. [Citation.] [¶] ... In this case, facts of the offense ... which would have been his defense had he gone to trial are necessary for consideration of disproportionality concerning `gradations' of the offense. As such, they are not cognizable on appeal following a guilty plea. (See People v. Sabados, *1636 supra, 160 Cal. App.3d 691.) The only question would be whether the court properly considered factors in mitigation at sentencing. (Cal. Rules of Court, rule 423.)" (People v. Hunt, supra, 174 Cal. App.3d at. pp. 107-108, fn. omitted.)
(5c) For the above reasons, we conclude defendant's proportionality argument is foreclosed by his guilty pleas.
(4b) Moreover, defendant's sentence  four years, eight months  is, on its face, not so disproportionate to the crimes for which it was imposed that it "shocks the conscience and offends fundamental notions of human dignity." (In re Lynch (1972) 8 Cal.3d 410, 424 [105 Cal. Rptr. 217, 503 P.2d 921], fn. omitted.)

III. Whether, in sentencing defendant, the trial court considered an improper aggravating factor and failed to weigh a mitigating factor.

(8a) The trial court found "premeditation on the part of the defendant, in that the defendant was aware that his wife was selling cocaine from their residence and personally benefitted from said activities." Defendant contends, "premeditation is, in effect, an element of possession of drugs for sale because possession for sale necessarily entails premeditation." Consequently, defendant argues, the trial court used a fact which is an element of the offense to impose the upper term in contravention of California Rules of Court, rule 441(d).
(9) The phrase "element of the offense" has a settled meaning in California law, i.e., an essential component of the legal definition of the crime considered in the abstract. (People v. Read (1983) 142 Cal. App.3d 900, 903 [191 Cal. Rptr. 305].) (8b) Health and Safety Code section 11351, to which defendant pled guilty, provides, "every person who possesses for sale or purchases for purposes of sale [specified controlled substances] shall be punished by imprisonment...." The definition of this offense does not include premeditation.
An analogous argument was made in People v. Combs (1986) 184 Cal. App.3d 508 [229 Cal. Rptr. 113]. There, the defendant asserted that premeditation was an element of soliciting another to commit a crime. The court rejected this argument:
"The claim that premeditation is an element of soliciting another to commit a crime lacks merit. Although solicitation necessarily involves making a request of another, it does not necessarily involve premeditation as such a request could be made spontaneously. Certainly the level of criminal *1637 sophistication exhibited here went far beyond the premeditation required to commit solicitation of murder." (184 Cal. App.3d at p. 511.)
Similarly, as previously noted, premeditation is not an element of possession of drugs for sale. Here, the probation officer's reports revealed that in a period of just over one year three separate searches of defendant's home were conducted and each time substantial quantities of cocaine and cash were found; a quantity of heroin was also found during one of the searches. These facts exhibit sophistication, planning and experience beyond the premeditation required to simply possess a drug for sale. Thus, the trial court could properly find premeditation.
(10a) Defendant further contends that, when imposing the upper term, the court erred in not considering a mitigating factor which it had previously noted. When denying defendant probation, the court stated that defendant "was a passive participant in the commission of the crime, as his wife was believed primarily responsible for the trafficking which took place out of their residence." Defendant argues the case should be remanded so the court can consider this mitigating factor.
(11) "A trial court may minimize or even entirely disregard mitigating factors without stating its reasons." (People v. Salazar (1983) 144 Cal. App.3d 799, 813 [193 Cal. Rptr. 1].) Further, unless the record affirmatively reflects otherwise, the trial court will be deemed to have considered the relevant criteria, such as mitigating circumstances, enumerated in the sentencing rules. (People v. Mendonsa (1982) 137 Cal. App.3d 888, 896 [187 Cal Rptr. 363].)
(10b) Here, the court was aware of defendant's level of participation in the offenses. However, the court was not required to set out its reasons for either rejecting or minimizing this factor, assuming the court did so. There is no indication in the record that the court did not consider this factor when imposing the upper term.
In addition to finding premeditation, the court also found, in aggravation, that there was a large quantity of contraband and that defendant was on bail when one of the offenses was committed. The court stated it found these factors preponderated. (12) Defendant argues that since the factors in mitigation, i.e., defendant's level of participation, defendant's minimal prior record, and defendant's acknowledgment of wrongdoing at an early stage, are equal in number to the factors in aggravation, the midterm should have been imposed. However, the weighing process is not quantitative only. One aggravating factor can outweigh several mitigating circumstances. (Cf. People v. Burg (1981) 120 Cal. App.3d 304, 306 [174 Cal. Rptr. 491].) *1638 Defendant has not demonstrated the trial court abused its discretion in sentencing him.

DISPOSITION
The judgment is affirmed.
Martin, J., and Thaxter, J., concurred.