(95 P.3d 121)

No. 91,020

STATE OF KANSAS, *Appellee*, v. DON NERI, JR., *Appellant*.

Opinion filed August 13, 2004.

*Sarah Ellen Johnson*, assistant appellate defender, for appellant.

*Jacqueline J. Spradling*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before JOHNSON, P.J., MALONE and HILL, JJ.

MALONE, J.: Don Neri, Jr., appeals his upward dispositional departure sentence following his convictions on seven counts of forgery. Neri claims the sentencing court erred by finding that Neri

showed an extreme indifference to a vulnerable victim. We agree and remand for resentencing.

Neri's uncle, David Murphy, owned a retail trophy store and served as secretary-treasurer for the Olathe Youth Baseball Program. Murphy kept the baseball program's checkbook in his store. Neri stole some of the checks and made several forgeries in September and October 2002. Neri ultimately pled guilty to seven counts of forgery in violation of K.S.A. 2003 Supp. 21-3710.

The financial institutions that cashed the forged checks reimbursed the baseball program for its losses. There was no public knowledge of the forgeries, and the children in the baseball program never learned about the crimes.

On July 17, 2003, Neri received a maximum sentence of 30 months under the Kansas Sentencing Guidelines Act (KSGA). Although Neri qualified for presumptive probation under the KSGA, the court imposed an upward dispositional departure and sentenced Neri to prison. In support of the departure sentence, the court found the victims of the forgeries to be the children in the baseball program. The court then stated that the children, due to their age, were particularly vulnerable to Neri's actions which constituted a substantial and compelling reason for the departure sentence. The journal entry of judgment indicated Neri "showed an extreme indifference to a vulnerable victim."

Neri timely appeals.

Appellate review of a departure sentence is limited to whether the sentencing court's findings of fact and reasons justifying a departure (1) are supported by evidence in the record and (2) constitute substantial and compelling reasons for departure. K.S.A. 21-4721(d); *State v. Minor*, 268 Kan. 292, 298, 997 P.2d 648 (2000).

Whether the factors relied upon by the sentencing court constitute substantial and compelling reasons for departure is a question of law over which an appellate court has unlimited review. *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 (2001). "The term 'substantial' refers to something that is real, not imagined; something with substance and not ephemeral. The term 'compelling' implies that the court is forced, by the facts of a case, to leave the

status quo or go beyond what is ordinary. [Citation omitted.]" *McKay*, 271 Kan. at 728.

The court must state on the record at the time of sentencing the substantial and compelling reasons for the departure. The court's comments at the time of sentencing govern as to the reasons for the departure. *State v. Murphy*, 270 Kan. 804, 806, 19 P.3d 80 (2001).

The sentencing court's substantial and compelling reason for departure was based upon K.S.A. 2003 Supp. 21-4716(c)(2)(A), which provides:

"(2) Subject to the provisions of subsection (b)(3) [(c)(3)], the following nonexclusive list of aggravating factors may be considered in determining whether substantial and compelling reasons for departure exist:

(A) The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity which was known or should have been known to the offender."

Here, the sentencing court found the children in the baseball program to be the victims of Neri's crimes. The judge further stated:

"[T]he fact that we have children involved and as a practical matter they were the beneficiaries of this, of these accounts, it was based on their earnings, their sacrifices, and the money was rightly for their benefit. I understand the notion here that others would have stepped up to the plate and did step up to the plate to make good on these checks, but the point still remains that you really did not take that into consideration and you went ahead and decided to take money that belonged to children. And so I do find that they were particularly vulnerable to your actions . . . .

"So I do believe there is a substantial and compelling reason on that basis alone to grant the State's motion for dispositional departure."

Although the sentencing court stated that the money at issue was based on the children's earnings and sacrifices, the record is devoid of information regarding how the money was raised.

On appeal, Neri contends the children were not the victims of his crimes. Neri further argues that the sentencing court erroneously applied the aggravating factor at 21-4716(c)(2)(A) because there was no connection in this case between his crime and a vulnerable victim.

No Kansas case has directly addressed the issue raised by Neri. The State cites *People v. Simon*, 144 Cal. App. 3d 761, 193 Cal. Rptr. 28 (1983). Simon was the treasurer of a youth soccer league and pled guilty to several forgery counts on the league account. The California Court of Appeals held that the sentencing court did not err in finding that the soccer league was a victim of the crime and that it was particularly vulnerable under applicable sentencing rules. 144 Cal. App. 3d at 765-66.

*Simon* is distinguishable from Neri's case. In *Simon*, the court held that the soccer *league* was a particularly vulnerable victim. The evidence in *Simon* established that the children had contributed to the money on deposit through fund-raising drives and that after the forgeries the league had to borrow funds to stay in existence. Here, there was no evidence that the children contributed to the funds on deposit and Neri's actions never threatened the operation of the baseball program.

Many Kansas cases dealing with the vulnerability of victims involve violent crimes against elderly persons. Based on the physical infirmities of the victims, they were less capable of fighting back against the perpetrator. See, *e.g.*, *State v. Peterson*, 25 Kan. App. 2d 354, 964 P.2d 695 (1998); *State v. Keniston*, 21 Kan. App. 2d 818, 908 P.2d 656 (1995).

The statutory description of vulnerability lists several human characteristics, including age, infirmity, and reduced physical or mental capacity. K.S.A. 2003 Supp. 21-4716(c)(2)(A). Where the victim is an organization, as opposed to a person, a finding of vulnerability is less applicable. The essence of the vulnerable victim aggravating sentencing factor is that the vulnerability somehow facilitates commission of the crime. In Neri's case, this aggravating factor was misplaced.

Neri did not steal money from children. The money did not belong to any individual child. Rather, the money belonged to an organization. The youth of the participants in the baseball league did not render the organization, administered by adults, vulnerable. As Neri points out, the crime would have been the same whether the organization had been an adult softball league.

The sentencing court's finding that Neri showed an extreme indifference to a vulnerable victim is not supported by evidence in the record. We conclude that the court erred in finding substantial and compelling reasons for the upward dispositional departure sentence.

Reversed and remanded for resentencing.