Filed 12/14/15  P. v. Nall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>          v.<br><br>JASON NALL,<br><br>          Defendant and Appellant. | C079208<br><br>(Super. Ct. No. 14F01542) |

Defendant Jason Nall is a repeat thief and a felon in possession of guns who has been given many, many chances on probation and failed virtually all of them.  Here a jury found him guilty of attempted car theft and of car theft.  Defendant got into a car that was running but that was parked in front of a house.  When the owner came out of the house and confronted him, defendant hit the victim in the jaw, and then defendant fled on foot to the driveway of a down-the-street neighbor of the first victim.  At that driveway, defendant broke into a locked car that was also running.  When the owner of that second car tried to stop him, defendant (who was then actually driving the car) hit her with the

1

car.  Defendant was on federal probation at the time and had just cut off his ankle monitor.

For these offenses and three prior prison terms, the trial court sentenced defendant to county jail for eight years and six months, refusing to split the sentence between county jail and a period of mandatory supervision.

Defendant's sole contention on appeal is that "the court abused its discretion in declining to abide by the probation officer's recommendation that [defendant] serve a 'split sentence.' "  According to defendant, that abuse of discretion is demonstrated by the fact that neither the court nor the probation report mentioned as a mitigating factor that "[t]he defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime" (Cal. Rules of Court, rule 4.423(b)(2)), so "the court cannot be assumed to have considered this [a] mitigating factor."  Also according to defendant, the court should have considered his "[un]supportive" upbringing.

We disagree there was an abuse of discretion.  The court was well aware of the *facts* that defendant recounts, but the court did not consider these facts *mitigating* here.  (See *People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637 [a trial court may disregard mitigating factors without stating its reasons].)  Instead, the court was within its discretion to rely on defendant's repeated failures on probation, including his current status on probation when the current crimes were committed, in determining that a split sentence would be inappropriate.  (See Cal. Rules of Court, rule 4.415(b) [criteria for denying mandatory supervision "must be based on factors that are specific to a particular case or defendant" and "may" include "defendant's present status on probation"].)  We explain below.

The court stated it had read the probation report, and the probation report contained the facts that defendant here states the court should have considered, namely the following:  Defendant was raised by his mother and stepfather, the latter with whom defendant had a poor relationship because the stepfather was an argumentative drunkard.

Defendant dropped out of high school after grade 11 and started using methamphetamine at age 14. Defendant smokes methamphetamine daily and "uses 'as much as he can get.' " He once tried a drug rehabilitation program, but he dropped out because of "personal issues" with the program's director. "Two psychiatric evaluations were completed on . . . defendant for the purpose of determining his competency to stand trial . . . . Both of the evaluations found [him] to be diagnosed with methamphetamine-induced psychiatric disorder with delusions, schizophrenic disorder, or unspecified psychiatric disorder."

It is clear, however, the court did not view these facts about defendant's personal history mitigating or the information about his "mental or physical condition" as "*significantly reduc[ing] [his] culpability for the crime*." (Cal. Rules of Court, rule 4.423(b)(2), italics added.)

The trial court, in its exercise of sentencing discretion, found dispositive "the chances [defendant] has had at rehabilitation and the numerous failures under supervision," which in the court's view made a "split sentence . . . [in]appropriate." As the court noted, defendant's "record . . . reveal[ed]" the following: In December 1996 at age 15 defendant entered the juvenile justice system for stealing a bike and was made a ward of the court. In February 1997, defendant had a petition sustained for felony car burglary. In February 1998, he was returned to juvenile authorities for being in the front seat of a stolen car and had some marijuana and a screwdriver. Five months later, as an adult in July 1998, defendant was convicted of felony possession of stolen property and granted probation. While on probation and less than a year later, in November 1999, he was convicted of possession for sale of a controlled substance and granted probation. Again while on probation and less than two years after that in August 2001, he was convicted of being a felon in possession of a firearm and sentenced to three years in prison, suspended, and placed on four years' probation. Again while on probation and one year later in August 2002, he was arrested and the three-year sentence was imposed.

3

Fifteen months later, in November 2003, defendant was convicted of stealing a car and evading a police officer and sentenced to two years in state prison. Within two and one-half years of this last state crime, in June 2006, defendant was convicted of the federal crime of being a felon in possession of a gun manufactured outside of California and sentenced to five years and three months in federal prison, followed by supervised release for three years. While on that supervised release, in June 2012, defendant stole a car and was granted five years' probation. It was on this last grant of probation and on the grant of federal probation that defendant committed the current crimes.

This evidence of defendant's repeated failure of probation on which the court relied was sufficient to deny defendant a split sentence. And defendant has not demonstrated an abuse of discretion in that decision because it refused to rely on other evidence.

## DISPOSITION

The judgment is affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Blease, Acting P. J.

/s/_____
Hull, J.

4