Filed 9/11/25  P. v. Riley CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B340040 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA304492-01) |
| v. | |
| STEVEN LAMAR RILEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Larry P. Fidler, Judge.  Reversed and remanded.

Barhoma Law and Matthew Barhoma for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Defendant Steven Lamar Riley appeals the denial of his request for resentencing under Penal Code[1] section 1172.75.

In denying Riley's request, the trial court stated, "This was a serious case which was settled by a plea bargain. The court sees no reason to upset the negotiated plea." We reverse and remand the matter to the trial court with instructions to consider Riley's contentions.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are not relevant to the issues we address on appeal and are stated for context. On June 13, 2006, Riley argued with victim Artie Brown at the scene of a narcotics transaction. They had a physical altercation and Riley ended up shooting Brown several times. He died at the scene. Brown's wallet, cell phone, keys and $100 in currency were taken from him.

On November 14, 2006, the People charged Riley by Information with a single count of murder in violation of section 187, subdivision (a). The Information also alleged that Riley had prior strike convictions for robbery in violation of section 211 and assault in violation of section 245, subdivision (a)(2).

On March 5, 2007, Riley agreed to plead no contest to voluntary manslaughter, a violation of section 192, subdivision (a). He also admitted he inflicted great bodily injury, a violation of section 12022.7, subdivision (a); used a handgun during the crime in violation of section 12022.5; suffered a prior strike conviction for assault with a firearm in violation of sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b)

---

[1] Undesignated statutory references are to the Penal Code.

2

through (i), which also qualified as a prior serious felony under section 667, subdivision (a)(1); and had served a prior prison term under section 667.5, subdivision (b). The court imposed a sentence of 41 years: 11 years for manslaughter, doubled because of the strike; five years for the prior serious felony conviction; three years for inflicting great bodily injury; 10 years for the use of the firearm; and one year for his prior prison term.

On June 13, 2023, Riley filed a petition for writ of habeas corpus asking the court to resentence him in light of recent statutory changes to the California Penal Code. He noted his sentence included time for a prior prison term under section 667.5, subdivision (b), which was now invalid under Senate Bill No. 483. In addition to requesting relief under Senate Bill No. 483, Riley asked the court to strike, among other things, the firearm and great bodily injury enhanced sentences pursuant to newly amended section 1385.

On December 14, 2023, the People filed an informal response to the petition, conceding that the one-year term for the prison prior should be vacated, but opposing any other relief. The parties continued to brief the issues.

On June 7, 2024, the trial court held a hearing entitled "Resentencing Pursuant to [Penal Code Sections] 1172(a)/1172.75(a)." Riley's counsel brought to the attention of the court Riley's "excellent programing" with 16 certificates of completion of prison programs. The prison staff attested that he "has shown exemplary conduct and behavior and listens to the correction officers, and he is completing his work. He has completed his G.E.D. during his incarceration. And his discipline is very excellent." Besides one incident of mutual combat in the prison, "he has very good discipline." Counsel also argued

mitigating factors in support of a sentence reduction—that Riley experienced trauma as a child, attended special education classes for which he was bullied, became unhoused with his learning disabilities, and had worked hard in prison "to prove himself that he can be a productive member of society." The People strenuously opposed a sentence reduction, citing the heinous nature of the crime, the position of the victim's family that Riley should not be released, and the fact that Riley's certificates were dated 2017 and later, even though he had been incarcerated since 2006. The trial court took the matter under submission.

On July 8, 2024, the trial court resentenced Riley to 40 years in prison, cutting one year from his original sentence for the prior prison term. The trial court wrote: "[Mr. Riley] requests that the court in addition to striking his one year prior pursuant to Penal Code section 667.5 (which the people concede) should strike certain enhancements or eliminate the doubled base term or the 5-year enhancement. (This matter was orally argued.) [¶] This was a serious case which was settled by a plea bargain. The court sees no reason to upset the negotiated plea with the exception of striking the one year prior pursuant to Penal Code section 667.5, reducing the total sentence to 40-years, further relief is denied." This appeal followed.

## DISCUSSION

I. <u>Applicable Law</u>

When Riley was sentenced in 2007, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement where the defendant had served a prior separate prison term and had not remained free from custody for at least five years. (*People v. Jennings* (2019) 42 Cal.App.5th

4

664, 681.) Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) by limiting the one-year prior prison term enhancement to prior terms for sexually violent offenses only. (Stats. 2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) retroactively applied Senate Bill No. 136 to all persons currently serving a term of incarceration for a prior prison term enhancement. (Stats. 2021, ch. 728, § 3.) When a trial court has confirmed that a defendant's current judgment includes a prior prison term enhancement now legally invalid, it must recall and resentence the defendant. The resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) In doing so, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) The trial court is also required to consider "postconviction factors, including but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.,* subd. (d)(3).) Finally, the statute guides the trial court in selecting among the lower, middle, and upper terms on each count. (*Id.,* subd. (d)(4); *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.)

5

## II.    Standard of Review

We review the trial court's decision not to strike a sentence enhancement for an abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 371; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298; *People v. Cepeda* (2021) 70 Cal.App.5th 456, 469 (*Cepeda*).)

## III.    Analysis

The People argue that in the absence of any indication to the contrary, "the trial court will be deemed to have considered the relevant criteria" when sentencing a defendant.  (*People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637.)  That is a general principle of sentencing review.  Here, however, the trial court did reveal an indication to the contrary.  It stated it saw "no reason" to interfere with the negotiated plea and sentence.  We find that statement can be read two ways.  Either the trial court considered Riley's contentions and circumstances and, on balance, found them insufficient to warrant a sentence reduction; or, the trial court refused to consider Riley's contentions because, no matter what those contentions were, it was of no mind to apply section 1172.75 to negotiated sentences per se.  The latter reading would be a clear abuse of discretion for "the general rule in California is that plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy."  (*Doe v. Harris* (2013) 57 Cal.4th 64, 71 [a plea agreement does not have the effect of insulating the parties from changes in the law that the Legislature intended to apply to them]; *People v. Carter* (2023) 97 Cal.App.5th 960, 977 [full resentencing procedure in section 1172.75 applies to all sentences, including

6

stipulated sentences imposed as part of a plea bargain]; *Cepeda, supra,* 70 Cal.App.4th at p. 470 [subdivision (d)(1) of section 1172.75 explicitly provides that resentencing is not constrained by the terms of a plea bargain].)

We find *People v. Cepeda* apt. There, in resentencing defendant the trial court simply deferred to the original plea agreement and sentence and did not address the resentencing requests defendant raised in the recall. Division 4 of our court found that in so acting, the trial court abused its discretion. It remanded the matter for the trial court to make its own independent ruling without being constrained by the plea agreement. (*Cepeda, supra,* 70 Cal.App.4th at pp. 460–461.)

We do not know the basis of the trial court's ruling because we cannot discern the meaning of its brief and cryptic comments. Because we do not know, we remand to the trial court to hold a resentencing hearing anew and make a clear record on remand as to the basis of its exercise of discretion. We express no opinion on how the trial court should rule other than to say the trial court should not disqualify Riley from the section 1172.75 recall and resentencing process solely because his original sentence was the result of a plea agreement.

7

## DISPOSITION

The sentence is vacated, the order is reversed, and the matter remanded for resentencing consistent with section 1172.75.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

VIRAMONTES, J.

RUBIN, J.[*]

---

[*] Retired Presiding Justice of the California Court of Appeal, Second District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.