Filed 3/26/13  P. v. Drury CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061480 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE310658) |
| JASON MARK DRURY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles W. Ervin, Judge.  Affirmed as modified.

Jason Mark Drury pleaded guilty to a single count of committing a lewd or lascivious act upon a child under the age of fourteen.  (Pen. Code,[1] § 288, subd. (a); count 18.)  Drury appeals the judgment imposing an upper term prison sentence.  He contends the matter must be remanded for resentencing because the court (1) failed to adequately state reasons on the record for imposing the upper term and (2) erroneously

---

[1]    All statutory references are to the Penal Code.

calculated his presentence conduct credits. We conclude Drury forfeited, and cannot challenge on appeal, any error by the trial court in not citing adequate aggravating factors for imposing the upper eight-year term for count 18 because he did not object below on this ground. Further, in order to forestall an ineffective assistance of counsel claim, we conclude Drury would not be able to establish prejudice by his counsel's performance. We modify the judgment to reflect the correct calculation of conduct credits.

FACTUAL AND PROCEDURAL BACKGROUND

Because this appeal involves only a sentencing issue, a detailed recitation of the facts of the crime is unnecessary. Drury was charged with multiple offenses after sexually abusing his step-daughter for approximately two years, beginning when she was nine years old and ending when she was eleven. In a negotiated plea agreement, Drury pleaded guilty to a single count of committing a lewd or lascivious act upon a child under the age of fourteen (§ 288, subd. (a); count 18). The plea agreement indicated the sentence was to be determined by the court and Drury was notified and agreed that facts relating to the dismissed charges could be considered in determining his sentence. (*People v. Harvey* (1979) 25 Cal.3d 754, 758.)

Before sentencing, Drury's counsel submitted a statement of mitigation for the court's consideration. The statement included letters from his sisters attesting to his good character, Drury's expressed remorse for his wrongdoing and a psychological report from Dr. Erin Ferma, Ph.D. determining Drury did not meet the criteria for pedophilia and posed a low risk for a repeat offense.

2

At Drury's sentencing hearing, the court stated it had considered all documents submitted by Drury including the probation report with sentencing recommendations. It denied probation and ordered Drury to serve the upper term of eight years, consistent with the probation department's recommendation. Drury was awarded local custody credits of 223 actual days, plus 31 days of credit under section 2933.1 for a total of 254 days.

At the conclusion of the hearing the following colloquy occurred:

"[The prosecutor]: Certainly, my office recognize[s] the difficulty in prosecution in this case. We discussed with the victim's family and the victim what the *possible outcomes could be*. And in light of all of that, we allowed this Defendant to plead to only one count. That being said, eight years is entirely appropriate for the conduct that this Defendant has committed. . . . I would ask that the Court sentence this Defendant to eight years.

"[The court]: Submitted by the People?

"[The prosecutor]: Yes.

"[The court]: Submitted, [defense counsel]?

"[Defense counsel]: Yes.

"[The court]: . . . [¶] . . . [¶] . . . Having considered all of the facts in this case, the Court concurs with the recommendation of probation. And it is the judgment and sentence of this Court that probation be denied. This Defendant [is] committed [to] the Department of Corrections to serve the term, which is the upper term, of eight years in

State prison. Receiving credit for time served, with 223 actual [days], 110 [days under section] 4019, 333 [days] total. . . . [¶] . . . [¶] . . .

"[Probation officer]: Your Honor, I'm sorry. I believe the custody credit should be [under section 2933.1] in this case.

"[The court]: Thank you. And those credit calculations are as follows—

"[Probation officer]: It would be 213 actual and 31—[under section 2933.1].

"[The court]: He will receive those updated custody and credits as he is entitled to today. Thank you.

"[Defense counsel]: Thank you, your Honor." (Italics added.)

## DISCUSSION

On appeal, Drury claims error based on the trial court's failure to articulate reasons for imposing the upper term of eight years and seeks remand for resentencing. He contends the court's brief comment it "concurs with the recommendation of probation" does not meet the requirement under section 1170, subdivisions (b) and (c) that the court state its reasons on the record for imposing the upper term. Drury maintains the error was prejudicial because had the court carefully considered the aggravating and mitigating factors, it is reasonably probable that a more favorable sentence would have been imposed. The People respond that Drury forfeited the issue on appeal by failing to object at the time of sentencing. Alternatively, the People argue his contention is meritless and any error is harmless.

I. *Standard of Review*

4

The court has broad discretion in making sentencing choices. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Nevertheless, a court is required to state its reasons for any sentencing choice on the record at the time of sentencing. (§ 1170, subd. (c); *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1371.) Specifically, the California Rules of Court require the court to give reasons for selecting one of the three authorized prison terms referred to in section 1170 subdivision (b). (Cal. Rules of Court, rule 4.420(a).) One aggravating factor is sufficient to support the imposition of an upper term. (*People v. Davis* (1995) 10 Cal.4th 463, 552.)

Cases are remanded for resentencing only when the court has abused its discretion in considering the aggravating and mitigating circumstances. (See, e.g., *People v. Combs* (1986) 184 Cal.App.3d 508, 511-512.) On appeal, the judgment will not be reversed for the court's failure to state the reasons unless it is reasonably likely that the defendant would have received a different sentence. (*People v. Sanchez* (1994) 23 Cal.App.4th 1680, 1684.) A defendant or his or her counsel must object at the time of sentencing if the court does not state any reasons or a sufficient number of reasons for a sentencing choice. (*People v. Scott* (1994) 9 Cal.4th 331, 353, 356; *People v. Ortiz*, *supra*, 208 Cal.App.4th at p. 1371.) If there is no objection, any error is deemed waived or forfeited and cannot be challenged for the first time on appeal. (*Ibid*.)

## II. *Forfeiture*

Drury's challenge to the imposition of the upper term must be rejected because he has forfeited the claim by failing to raise it at the time of sentencing. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and

5

articulates its supporting reasons cannot be raised for the first time on appeal." (*People* v. *Scott*, *supra*, 9 Cal.4th at p. 356; *People v. Gonzalez* (2003) 31 Cal.4th 745, 751; see *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297-1298.)

At Drury's sentencing, the trial court imposed the upper eight-year term, stating: "Having considered all of the facts in this case, the court concurs with the recommendation of probation." Drury was notified before the hearing that the probation officer had recommended the upper term of eight years. Thus, at that point, Drury and his counsel were on notice the sentence would be consistent with the probation report, which all parties had received before the hearing. Further, in denying probation, the court indicated it had considered all documents submitted, and cited several factors on the record: (1) "the nature and circumstances of [this crime] are more serious than other instances"; (2) "repeated molestation of the victim"; (3) Drury "took advantage of a position of trust"; (4) the "emotional injury" imposed on the victim; and (5) fear inflicted on the victim.

Drury points out the five reasons cited by the court were exclusively in reference to the court's denial of probation and it offered no reasons for imposing the aggravated eight-year upper term. He is correct that " '[i]n imposing an upper term, the court must set forth on the record "facts and reasons" [citation], including the "ultimate facts that the court deemed to be circumstances in aggravation." ' " (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1324-1325.)

However, despite a meaningful opportunity to do so, Drury did not object on the basis that the trial court failed to adequately state reasons to support its discretionary

6

sentencing decision.  Drury was represented by counsel at the sentencing hearing and as explained above, he was made aware the court had read, reviewed and considered the probation report's recommendation of an eight-year prison commitment.  Further, Drury's counsel was given the opportunity to reply to this recommendation, which he used to "submit on the documents" and highlight the mitigating factors in the psychological report.  Additionally, he heard the court pronounce the sentence, and made no objections when the court selected the aggravated upper term.

We are not persuaded by Drury's contention that "[t]he court's comments, from immediately after the prosecutor's argument, through the imposition of judgment, were commenced and completed in one statement, without any interruption or any opportunity provided for [Drury] or his counsel to object."  (Emphasis omitted.)  There is no indication the hearing abruptly concluded, and indeed, after it announced the sentence, Drury's counsel said, "Thank you, your Honor."  Any error or defect could have been corrected by a timely and specific objection.  "Nothing in the record suggests that [Drury] or defense counsel was precluded from objecting to the sentence or was in any way denied a meaningful opportunity to state his case for an alternative sentence or question the court's reasons for a prison sentence."  (*People v. Zuniga* (1996) 46 Cal.App.4th 81, 84.)  Thus, these circumstances are unlike those in *People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, relied upon by Drury, where the trial court announced its sentencing decision and immediately declared a recess without hearing from either party. The appellate court held under those circumstances the "parties were never apprised of the 'sentence the court *intends* to impose' [citation] and the prosecutor [the appellant in

that case] had no opportunity, meaningful or otherwise, to object." (*Id.* at p. 1224.) Here, procedural due process—a meaningful opportunity to object—was provided.

By failing to raise a contemporaneous request for the court to state reasons for its sentencing decisions, Drury failed to preserve the claim for review. "Under these circumstances, no remand is required." (*People v. Avila* (2009) 46 Cal.4th 680, 729.) Because we conclude the issue was forfeited, we do not address the merits of Drury's claim.

### III. *Drury Cannot Maintain a Claim of Ineffective Assistance of Counsel*

Drury has not raised a claim of ineffective assistance of counsel in view of his counsel's failure to timely object to the court's imposition of the upper term. However, to forestall such a claim, we address whether he could make such a claim. "A defendant has the burden of proving a claim of ineffective assistance of counsel by showing that (1) his or her trial counsel's representation fell below an objective standard of reasonableness and (2) he or she was prejudiced (i.e., there is a reasonable probability that a more favorable determination would have resulted in the absence of counsel's deficient performance)." (*People v. Ortiz, supra,* 208 Cal.App.4th at p. 1372.) In assessing a claim of ineffective assistance, the reviewing court need not decide whether counsel's performance fell below an objective standard of reasonableness if it concludes it is not reasonably probable the defendant would have obtained a more favorable outcome in the absence of the deficient performance. (*Id.* at p. 1373.)

Based on the record in this case, we conclude that, even had Drury's counsel timely and specifically objected to the trial court's asserted error, it is not reasonably

8

probable Drury would have obtained a more favorable outcome, i.e., a lesser term for count 18. The court was in agreement with the probation officer about the proper sentence. "At the sentencing hearing, the court stated that it had read and considered the probation report and the language the court used in imposing the sentence followed the probation officer's recommendations." (*People v. Powell*, *supra*, 194 Cal.App.4th at pp.1298-1299.) We agree the court should have assigned its reasons for imposing the upper term. However, had Drury's counsel timely objected to the court's failure to adequately state reasons for imposing the upper term, the court could have and likely would have cited one or more of the five reasons stated above for denying probation. Just "[o]ne aggravating factor is sufficient to support the imposition of an upper term." (*People v. Ortiz*, *supra*, 208 Cal.App.4th at p. 1371; *Davis*, *supra*, 10 Cal.4th at p. 552.) We conclude it is not reasonably probable the court would have imposed any lesser sentence had Drury's counsel timely objected. We discern no prejudice and conclude Drury's counsel did not provide prejudicially ineffective assistance.

IV. *Calculation of Conduct Credits*

The People concede, and we agree, that the court miscalculated Drury's custody credits, and failed to award him all the credits to which he was entitled. Drury was confined in county jail for 223 days from his June 17, 2011 arrest until January 25, 2012, when he was sentenced to prison for eight years.[2] (*People v. Browning* (1991) 233

---

[2] The miscalculation was caused by the probation officer erroneously stating at the sentencing hearing that Drury had only served 213 days in actual custody.

9

Cal.App.3d 1410, 1412 [defendant entitled to credit from date of arrest through date of sentencing].)  Section 2933.1 provides for presentence custody credits of fifteen percent. Thus, Drury is entitled to receive 33 days of presentence credit.

DISPOSITION

The judgment is modified to reflect Drury is to receive presentence credits of 33 days under Penal Code section 2933.1.  The trial court is directed to amend the abstract of judgment to reflect this modification and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.