Filed 10/9/13  P. v. Moore CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALTER MOORE,<br><br>    Defendant and Appellant. | B242606<br><br>(Los Angeles County<br>Super. Ct. No. TA122183) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Paul M. Roadarmel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

_____

Walter Moore appeals from the judgment entered after he was convicted by a jury of simple assault and possession of cocaine. Moore contends the trial court abused its discretion in sentencing him to the upper term for possession of cocaine. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Charges*

In an amended information Moore was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 1)[1] with a special allegation he had inflicted great bodily injury (§ 12022.7) and possession of cocaine (Health & Saf. Code, § 11350, count 2). The information also specially alleged Moore had suffered two prior serious or violent felony convictions for aggravated assault within the meaning of section 667, subdivision (a)(1) and the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served two separate prison terms for felonies (§ 667.5, subd. (b)). Represented by counsel, Moore pleaded not guilty and denied the special allegations.

2. *Summary of Trial Evidence*

On February 22, 2012, Moore stabbed Breonne Tate in the back during a physical altercation at their independent living facility in Los Angeles. Tate was transported to the hospital for treatment, and Moore was taken into custody. As part of the booking process, an officer conducted a strip search of Moore in a room designated for that purpose. Following the search, the officer found a small plastic bag containing .023 grams of rock cocaine on a bench, inches from where Moore had been sitting during the search.

---

[1] Statutory references are to the Penal Code, unless otherwise indicated.

3. *Verdict and Sentence*

The jury found Moore guilty of both simple assault, a lesser included offense of assault with a deadly weapon, and possession of cocaine. In a bifurcated proceeding, Moore admitted the prior conviction allegations.[2]

Prior to sentencing, the trial court indicated it had read and considered the parties' sentencing memoranda, the probation report reflecting Moore's criminal record[3] and Moore's motion to dismiss his prior strike convictions (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 (*Romero*)). In support of the *Romero* motion, defense counsel argued Moore, who was 55 years old, suffered from longstanding drug addiction, and his prior strike conviction should be dismissed so he could complete a court-ordered drug treatment program on probation. The prosecutor argued because of Moore's violent criminal history and prior prison commitments, the motion should be denied, and that, in any event, there was no evidence Moore was under the influence of cocaine when he committed the offenses in this case. The court summarized Moore's criminal history, noting Moore had been continually involved in acts of violence since 1983 and denied the *Romero* motion.

After brief additional argument by counsel, the court selected the upper term of imprisonment for possession of cocaine, stating it found Moore's "numerous convictions, including state prison sentences, for crimes of violence" and Moore's status as "either on parole or probation at the time the [present] crime[s] were committed" to be aggravating factors; and it did "not consider[] any factor mitigating at this time." The court then

---

**2**  Moore admitted a 2000 conviction (L.A.S.C. case No. SA037654), as a prior strike conviction and prior prison term enhancement; he admitted a 2006 conviction (L.A.S.C. case No. BA302213), as a prior prison term enhancement.

**3**  The probation officer's report showed Moore had five felony convictions for aggravated assault, one misdemeanor conviction for disturbing the peace and for simple assault and had served three prison commitments. At the time of the current assault, Moore was on summary probation.

imposed an aggregate sentence of seven years six months, consisting of six years (the three-year upper term doubled under the three strikes law) for possession of cocaine, one year for the prior prison term enhancement and six months in county jail for misdemeanor assault.

## DISCUSSION

Moore contends the trial court abused its discretion by imposing the upper term sentence for possession of cocaine because the court failed to consider as mitigating factors his long standing drug addiction, the small amount of cocaine found in his possession and his lack of prior drug-related convictions.

### 1. *Standard of Review*

Courts have broad sentencing discretion, and we review a trial court's sentencing choices for abuse of that discretion. Discretion is abused if the sentencing decision was arbitrary or irrational. (*People v. Sandoval* (2007) 41 Cal.4th 825; 847 (*Sandoval*).) A trial court abuses its discretion if it relies upon circumstances that are not relevant to, or that other otherwise constitute an improper basis for, the sentencing decision or fails to exercise its discretion. (*Sandoval*, at pp. 847-848.) The burden is on the party attacking the sentence to show the sentencing decision was irrational or arbitrary, and an appellate court will not substitute its judgment for that of the trial court. (*People v. Jones* (2009) 178 Cal.App.4th 853, 861.) "Even if a trial court has stated both proper and improper reasons for a sentence choice, 'a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper. [Citation.]'" (*Ibid.*)

### 2. *The Trial Court Did Not Abuse Its Discretion in Imposing the Upper Term*

Whether to impose the upper term is a decision resting in the trial court's sound discretion. (§ 1170, subd. (b).) In determining the appropriate term, the court may consider the record in the case, the probation report, evidence introduced at the sentencing hearing, and "any other factor reasonably related to the sentencing decision."

4

(Cal. Rules of Court, rule 4.420(b)[4].)  The court "shall select the term which, in the court's discretion, best serves the interests of justice."  (§ 1170, subd. (b).)

A trial court may base an upper term sentence upon any aggravating factor the court deems significant, subject to specific prohibitions not at issue here.  The court's discretion to identify aggravating factors is limited only by the requirement they be reasonably related to the decision being made.  (*Sandoval, supra,* 41 Cal.4th at p. 848.)  The court "shall state the reasons for its sentence choice on the record at the time of sentencing."  (§ 1170, subd. (c); see also *Sandoval*, at pp. 846-847; rule 4.420(e).)  However, the court is not required "to cite 'facts' that support its decision or to weigh aggravating and mitigating circumstances," nor must it provide a "'concise statement of the ultimate facts that the court deemed to constitute circumstances in aggravation or mitigation.'  [Citations.]"  (*Sandoval*, at p. 847.)

The trial court identified as aggravating factors Moore's record of violent crimes, consisting of numerous convictions for aggravated assault; his three prior prison term commitments; and his probationary status at the time of the instant offenses.  (Rule 4.421(b)(1), (b)(2), (b)(3), & (b)(4).)  Moore does not dispute that these aggravating factors are relevant and supported by the record.  Indeed, the trial court could have justified the imposition of the upper term on any one of these factors.  (*People v. Black* (2007) 41 Cal.4th 799, 816; accord: *People v. Myles* (2012) 53 Cal.4th 1181, 1221.)  Nonetheless, Moore asserts that the trial court's failure to identify any mitigating factors demonstrated that it failed to consider Moore's longstanding drug addiction, the small quantity of cocaine found in his possession and the absence of prior drug-related convictions.  Further Moore concluded that, had the court considered these mitigating factors, it is reasonably likely it would have selected the middle or lower term sentence.

The trial court expressly found that no factor was mitigating at the time of sentencing; this finding demonstrates that the court evaluated the issue.  The record shows the court was aware of these factors:  Moore's drug addiction figured prominently

---

[4]     References to rule or rules are to the California Rules of Court.

5

in his *Romero* motion; the court heard the trial testimony concerning the cocaine possession offense; and it reviewed Moore's criminal record prior to sentencing. On this record, we must conclude the court considered, but rejected as mitigating his punishment, the factors argued by Moore. The court was not bound to further explain its reasons for the sentence. (See *People v. Lai* (2006) 138 Cal.App.4th 1227, 1258; *People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637.)

Moore's addiction, the amount of cocaine in his possession and lack of drug-related convictions could be mitigating factors in the appropriate case. They do not change the nature of Moore's crime here (see rule 4.421(a)(1)). The record demonstrates that his conduct was neither an isolated event nor a brief period of aberrant behavior (see e.g. *People v. Garcia* (1999) 20 Cal.4th 490), but instead stands as part of a 30-year history of aggression posing a threat to public safety (see rule 4.421(b)(1)). The trial court made an individualized sentencing choice well within its discretion. This court will not substitute its judgment for that of the trial court. (*People v. Superior Court* (*Alvarez*) (1967) 14 Cal.4th 968, 978.)

## DISPOSITION

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

6