Filed 8/29/14  P. v. Rhoades CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076026 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039548) |
| v. | |
| COLE JAMES RHOADES, | |
| Defendant and Appellant. | |

On September 5, 2013, a police officer responded to a reported disturbance at a Chico apartment building.  The officer saw defendant Cole James Rhoades on the apartment's second story landing.  Defendant went down to the officer; he was sweating profusely, breathing hard, and had abrasions, scratches, and small amounts of blood on him.  He admitted having been in an altercation, but did not want the matter investigated any further.  During a pat search of defendant, an officer discovered a knife with a two and three-quarter inch blade in his back pocket.  After the officer learned defendant was

1

on a parole hold, defendant was handcuffed and transported to the Chico Police Department. Upon arriving at the police station, defendant admitted to having a small baggie of methamphetamine in his shirt pocket. The officer retrieved the baggie, which contained 0.31 grams of methamphetamine.

Defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted two prior prison term allegations (Pen. Code, § 667.5, subd. (b));[1] as part of the plea agreement, three prior prison term and a prior strike (§§ 667, subd. (d), 1170.12, subd. (b)) allegations were dismissed. The trial court suspended imposition of sentence and placed defendant on three years' formal probation.

Defendant subsequently admitted violating his probation after testing positive for methamphetamine. The trial court terminated probation and sentenced defendant to the maximum term of five years in state prison, imposed various fines and fees, and awarded 205 days of presentence credits (103 actual and 102 conduct).

Defendant appeals. His request for a certificate of probable cause was denied.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief raising three contentions. He first contends the upper term sentence was erroneous because the trial court relied on improper aggravating factors and the mitigating factors warranted a lesser term.

Sentencing defendant, the trial court said the following: "In aggravation, the defendant was armed with the weapon at the time of the offense. [¶] In addition to that,

---

[1] Undesignated statutory references are to the Penal Code.

2

he has prior convictions as an adult and/or sustained petitions as a juvenile are numerous. He has served prior prison terms other than the two that he has admitted. He was on parole at the time, and his performance has been dismal. [¶] I do not find any factors in mitigation. Any one of those factors in aggravation outweigh anything in mitigation and justifies the upper term."

We review a trial court's decision to impose an upper term for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Defendant must show the trial court relied on circumstances that are irrelevant or otherwise improper, or failed to exercise its discretion. (*Id.* at pp. 847-848.)

Defendant admits he was on parole at the time of the offenses and his performance was dismal, and that he has numerous prior adult convictions. He disagrees with the trial court's statement that he served prison terms for crimes other than the offenses in the prior prison term allegations, claims he has no prior juvenile convictions, and claims he was not armed with an illegal weapon at the time of the underlying offense, as he possessed only a pocket knife.

Defendant's claim that he had no juvenile record interprets the trial court, which said his prior adult convictions "and/or" juvenile petitions sustained were numerous. The use of the modifier "and/or" means the court's statement was correct so long as defendant has either an extensive juvenile *or* adult record. Defendant has six prior felony convictions, so the trial court's description of his record was accurate.

Defendant's contention regarding his use of a knife is likewise unfounded. The police report that he claims to exculpate him states he was found with a two and three-quarter inch long Smith & Wesson folding knife. Whether the knife was illegal is irrelevant; the incident that led to defendant's arrest and finding the methamphetamine started with an altercation involving defendant. In such circumstances, defendant's possession of a weapon is relevant to the severity of his criminal conduct.

Defendant's claim that the trial court mischaracterized the number of prior prison sentences is correct, but the error is harmless. Defendant admitted two prior prison term allegations, a January 2003 conviction for possession of narcotics for sale (Health & Saf. Code, § 11378) and an August 2010 conviction for possession of a controlled substance (Health & Saf. Code, § 11377). In addition, defendant sustained March 2003 convictions for felony vehicle theft and evading an officer, and received a four-year state prison term consecutive to the possession for sale term. Also, defendant was convicted in December 2009 of section 245, subdivision (a)(1), a serious felony, with an on-bail enhancement (§ 12022.1) and served a five-year prison term consecutive to the 2010 conviction for possession of a controlled substance.

For the purposes of the prior prison term enhancement, defendant has served only two prior prison terms. (§ 667.5, subd. (g) ["A prior separate prison term for the purposes of this section shall mean a continuous completed period of incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes"]; *People v. Carr* (1988) 204 Cal.App.3d 774, 779 ["Section 667.5(g) provides that a defendant serves a single *term* in state prison notwithstanding that the term consists of several separate sentences attributable to different convictions," original italics; fn. omitted].) The trial court's statement, "[h]e has served prior prison terms other than the two that he has admitted," is therefore wrong.

A single factor in aggravation will support imposition of the upper term (*People v. Steele* (2000) 83 Cal.App.4th 212, 226), and the trial court stated that any single factor justified imposition of the upper term. The trial court's statement regarding prior prison terms is therefore harmless error.

We also reject defendant's contentions regarding the alleged mitigating factors. " 'A trial court may minimize or even entirely disregard mitigating factors without stating its reasons.' [Citation.]" (*People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637.) Defendant has a lengthy criminal record and numerous parole violations, and was on

4

parole at the time of the current offense. Defendant already got one break when the trial court initially granted probation despite defendant's statutory ineligibility. The trial court was not required to give defendant another one when he violated probation 14 days later.[2] It was not an abuse of discretion for the trial court to impose the upper term.

Defendant next contends it was a violation of his plea agreement to sentence him to state prison because trial counsel told him he would be placed on probation again after admitting the probation violation. Defendant's contention challenges the proceedings in which he entered his admission to the probation violation. He did not obtain a certificate of probable cause. Defendant's admission of the probation violations and his failure to obtain a certificate of probable cause render the issues raised noncognizable on appeal. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095-1097; *People v. Panizzon* (1996) 13 Cal.4th 68, 75-76.)

Finally, defendant claims he is entitled to additional presentence credits for the time served between October 9, 2013, and November 27, 2013. The initial probation report stated that defendant was not entitled to presentence credits in this case for that period pursuant to *People v. Bruner* (1995) 9 Cal.4th 1178, which held that "when presentence custody may be concurrently attributable to two or more unrelated acts, and where the defendant has already received credit for such custody in another proceeding," defendant must demonstrate that "but for" the charge on which he was convicted and for which he seeks credits, he would have been free during the presentence period. (*Id*. at p. 1180.) At a hearing on credits held after sentencing, defendant raised the issue but the trial court agreed with the probation department's recommendation. Defendant was on parole at the time of his crime after the offense and was arrested after police learned he

---

**2** Defendant was placed on probation on December 19, 2013, and tested positive on January 2, 2014.

had a parole hold.  Defendant has failed to carry his burden of showing he would have been free but for the charges in this case.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

    NICHOLSON    , Acting P. J.

We concur:

    BUTZ    , J.

    DUARTE    , J.