Filed 4/8/16  P. v. Carrillo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANTONIO GODINA CARRILLO, <br><br> Defendant and Appellant. | F070784 <br><br> (Super. Ct. No. F14908761) <br><br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

Appellant Antonio Godina Carrillo appeals from his nolo contendere plea to one count of possession for sale of methamphetamine with a prior prison term enhancement (Health & Saf. Code, §§ 11378, 11370.2, subd. (c)). Appellant contends the trial court failed to determine that an adequate factual basis supported his plea. Because appellant did not submit a written statement showing reasonable grounds for this appeal or obtain a certificate of probable cause, we dismiss this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2014, appellant was charged with transport for sale of a controlled substance (Health & Saf. Code, § 11379, subd. (a)/count 1) and possession for sale of a controlled substance (Health & Saf. Code, § 11378/count 2). The complaint included an alleged enhancement for a prior Health and Safety Code violation (Health & Saf. Code, § 11370.2, subd. (c)) and four allegations of enhancements for prior convictions (Pen. Code, § 667.5, subd. (b)).

On October 8, 2014, appellant entered into a plea agreement with respect to count 2. As part of that agreement, appellant would admit the enhancement for the prior Health and Safety Code violation and one prior conviction. In exchange, the prison prior would be struck for sentencing purposes. Appellant was questioned on the agreement, pled guilty, and admitted the enhancements.

During the plea colloquy, the trial court asked: "Counsel, if I were to read the police reports in this case, would I conclude that there is a sufficient factual basis for the plea?" Defense counsel responded with "Yes." The People agreed, noting appellant was pleading pursuant to *People v. West* (1970) 3 Cal.3d 595. Based on these representations, the trial court found "there is a sufficient factual basis for the plea."

Appellant was subsequently sentenced in line with the plea agreement. This appeal timely followed. However, there is no record that appellant complied with Penal Code section 1237.5 prior to filing this appeal.

2

Appellant contends the trial court failed to properly determine whether an adequate factual basis existed for his guilty plea. (Pen. Code, § 1192.5, par. 3.) In his "Statement of Appealability," appellant claims this appeal "is limited to matters occurring after entry of the plea, and does not challenge the plea," and thus, "is authorized by Penal Code [section] 1237.5." The People challenge this statement, and note that appellant lacks the certificate of probable cause required to appeal from a nolo contendere plea under Penal Code section 1237.5.

### *Standard of Review and Applicable Law*

Penal Code section 1237.5 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere" unless two requirements are met: (1) the "defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; and (2) the "trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (Pen. Code, § 1237.5, subds. (a) & (b).) "Under [Penal Code] section 1237.5 and [California Rules of Court, former] rule 31(d), first paragraph [now rule 8.304(b)(1)], the [California] Court of Appeal generally may not proceed to the merits of the appeal, but must order dismissal thereof, unless the defendant has filed a statement of certificate grounds as an intended notice of appeal, and has obtained a certificate of probable cause, in full compliance therewith." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099.)

California Rules of Court, rule 8.304(b)(5), explains how we are to proceed if appellant's statement of appealability is incorrect. "If the defendant's notice of appeal contains a statement under (4) [alleging the appeal is based on grounds that arose after entry of the plea and does not affect the plea's validity], the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies

3

with (1) [the requirement to seek a certificate of probable cause]." (Cal. Rules of Court, rule 8.304(b)(5).) "In assessing whether an appeal that purports to challenge a post-guilty-plea sentence requires a certificate of probable cause, courts examine the substance of the appeal: '[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.'" (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1183 (*Zuniga*).)

## *The Appeal Must be Dismissed*

We reject appellant's statement that this appeal does not challenge the plea's validity. It is well settled that appeals concerning the lack of a factual basis for a guilty plea attack the plea itself. (*Zuniga*, *supra*, 225 Cal.App.4th at p. 1187; *People v. Zamora* (1991) 230 Cal.App.3d 1627, 1632-1633 (*Zamora*).) In this case, the trial court directly asked counsel whether a factual basis for the plea existed and received affirmative answers from both defense counsel and the People. Appellant asks us to review that process and determine whether his plea is valid. A certificate of probable cause is required to proceed with such an inquiry. (*Zamora*, *supra*, 230 Cal.App.3d at p. 1633.) As no certificate of probable cause has been included in the record, and appellant has not challenged the People's assertion that none was sought, we are not at liberty to proceed to the merits. (*Ibid.*)

## DISPOSITION

The appeal is dismissed for failure to comply with Penal Code section 1237.5.