Filed 9/28/23  P. v. Gildesgard CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>KYLE LEE GILDESGARD,<br><br>        Defendant and Appellant. | A166203<br><br>(Humboldt County<br>Super. Ct.<br>No. CR2003061) |

Defendant Kyle Lee Gildesgard[1] challenges the sentence imposed on him following a plea bargain, arguing that his counsel was prejudicially ineffective and the trial court abused its discretion during sentencing.  We reject his ineffective assistance of counsel claims, but we find that the trial court abused its discretion with respect to its sentencing determinations for defendant's misdemeanor sexual battery conviction.  We remand for further sentencing proceedings.

---

[1] Defendant is also known as Kyle Lee Gildesgaard.

1

# BACKGROUND

Defendant was charged in an information with kidnapping (Penal Code[2], § 207, subd. (a), count 1); six counts of domestic battery causing corporal injury (§ 273.5, subd. (a), counts 2, 5, 6, 8, 9, & 10); false imprisonment (§ 236, count 3); criminal threats (§ 422, count 4); and rape by force (§ 261, subd. (a)(2), count 7). The information alleged that defendant inflicted great bodily injury (§ 12022.7, subd. (e)) in connection with count 2 (the GBI enhancement). The information also alleged that defendant suffered a prior strike conviction in 2018 (§ 667, subds. (b)–(i)).

In June 2022, defendant entered guilty pleas to kidnapping (count 1), two counts of domestic battery causing injury (counts 2 and 9), and to an amended offense of misdemeanor sexual battery (§ 243.4, subd. (a), count 11). He admitted to personally inflicting great bodily injury (§ 12022.7, subd. (e)) in connection with count 2, and a prior conviction under section 667, subdivisions (b)–(i).[3] Defendant stipulated to the aggravating factors that the crime involved "great violence or great bodily harm or other acts disclosing a high degree of cruelty, viciousness, or callousness"; he was "convicted of other crimes for which consecutive sentence could have been imposed, but concurrent sentences were imposed" (the People remarked that this factor depended on the court's sentencing choices); his "prior convictions as an adult [were] numerous or of increasing seriousness"; he had "served a

---

[2] All further references are to the Penal Code unless otherwise stated.

[3] We omit a factual summary of the underlying convictions because such summary is not essential to our disposition.

prior term in prison or county jail"; and "any other aggravating factors that may be permitted by law."

The parties agreed that defendant was ineligible for, and would not receive, probation. Defendant's plea form did not set forth a stipulated sentencing range, and the "open plea" box was checked. However, as the parties appear to acknowledge on appeal, defendant and the People expressed their agreement on the record at the plea and sentencing hearings that "[defendant] would be sentenced [to] not less than the midterm," with a floor of 14 years. The parties described the 14-year floor as the midterm on the charged counts with a possible "abeyance" or "stay" of the GBI enhancement. The People also stated on the record that defendant's maximum sentence would be 23 years.

As a part of the agreement and before sentencing, defendant was to take a Static-99R assessment[4]. Defendant's plea form states that the court "will consider [the] Static 99 at the time of sentencing in [a] motion to dismiss PC 243.4." At the plea hearing, the People represented, "As a part of this agreement and before sentencing, [defendant] will be taking the Static-99[R] assessment. As part of that report, depending on the evaluation and should the defendant score high, it will be up to the Court regarding [c]ount [11] only. If he were to have a high assessment, the misdemeanor would stay prior to sentencing and be part of sentencing. If the assessment is in [defendant's] favor, if it's a low score, it will be up to the Court's determination to

---

[4] The Static-99R is an actuarial measure of risk for sexual offense recidivism.

3

dismiss that count, I believe in the interests of justice."[5]  The balance of the complaint was dismissed with a *Harvey*[6] waiver.

At defendant's sentencing hearing, defendant presented a video in mitigation addressing his mental health issues and troubled childhood, and he submitted stories that he wrote and illustrated while in custody.  Defense counsel urged the court to consider imposing the "middle term or the low term with consecutive sentencing on the 273.5s[,]" to hold in abeyance the GBI enhancement, and to dismiss count 11, explaining that there were mitigating issues, including defendant's mental health, childhood abuse, age, and his insight and rehabilitation while in custody.  The People argued for a 23-year sentence.

When announcing its ruling, the trial court first discussed circumstances in aggravation and mitigation.  "First, as to circumstances in aggravation and mitigation — those are discussed on pages 17 and 18 of the probation officer's report — the Court does find that the following circumstances in aggravation are applicable to this case.  The first would be [California Rules of Court,[7]] [r]ule 4.421(a)(l).  [Defendant]

---

[5] Respondent describes the plea as providing the court with discretion to dismiss count 11 in the absence of a "high" Static-99R score, but states that the court would otherwise "stay th[at] conviction."  At the plea hearing, the People made the above-described statements, and, at the sentencing hearing, the People acknowledged that the "23 year" maximum sentence "would make the 243.4 run concurrent."  The record thus does not establish that the plea required the court to "stay" count 11.

[6] *People v. Harvey* (1979) 25 Cal.3d 754.

[7] All further references to rules are to the California Rules of Court.

4

admitted having committed great bodily injury against the victim during the assault. Rule 4.421(b)(l), [defendant] sustained a prior serious felony conviction for assault with a deadly weapon in addition to a conviction for assault likely to produce great bodily injury. And we also have [r]ule 4.421(b)(2) in aggravation, prior criminal convictions are — make that not prior but criminal convictions are numerous and are increasing in seriousness. Also, we have in aggravation Rule 4.421(b)(3), [defendant] has served a prior prison term. [¶] The Court does find that there are no circumstances in mitigation." The court sentenced defendant to serve 16 years on count one (the upper term of eight years, doubled because of the prior strike), plus two-year consecutive terms on counts 2 and 9 (one-third the middle term, doubled because of the prior strike).

Turning to the GBI enhancement, the court "f[ou]nd applicable" a four-year middle term sentence, but "stay[ed], or suspend[ed], this four years." The court explained, "The reasons for the Court staying, or suspending, this four years is in consideration of the fact that the injury in question was relatively moderate in nature. I do not diminish or disregard the fact that there was a fractured nose and a—and that bruising occurred; but given [defendant's] efforts at rehabilitation while in custody and in consideration of the extremely traumatic, difficult and challenging childhood and upbringing that was experienced by [defendant], the Court finds it equitable at this time to stay, or suspend, the great bodily injury enhancement."

Regarding count 11, the Static-99R evaluation indicated that defendant was at an "above-average risk to reoffend." Defendant's counsel urged the court to strike or dismiss count 11, but if the court was unwilling to do so, counsel requested that the court require registration under the Sex Offender Registration Act (§ 290 et seq.) (the Act) "for the period of parole when [defendant] is released from custody." The court "[did] not find it appropriate to dismiss Count 11; however, the period of registration, . . . section 290, will be limited to the period, or duration, of parole." The court found that limiting the registration requirement to that period was appropriate because defendant had no prior history of sexual offenses. The court did not impose any custody time for count 11. Defense counsel then stated that section 243.4 "is a 290-registerable offense[,]" and requested that the court find the lesser-included offense of violation of section 242 if the court intended to impose registration for the period of defendant's parole. The People objected, and the court denied the request.

Defendant's cumulative sentence was 20 years in state prison, and the trial court imposed various fines and fees.

Defendant filed a timely notice of appeal.

## DISCUSSION

### I. Ineffective Assistance

#### A. *Additional Background*

Although it found no mitigating circumstances, the probation report submitted for sentencing discussed defendant's childhood, mental health, and issues of substance abuse. At

6

sentencing, defense counsel argued there were mitigating circumstances, and defendant concedes that evidence of the mitigating factors he raises on appeal was before the court. The People conceded that defendant had been through a lot, acknowledged defendant's claim that he committed the crimes "due to a troubling childhood," but argued those facts should not outweigh the aggravating circumstances surrounding the crimes. The court stated that it found no circumstances in mitigation, and it selected the upper term on count 1. Shortly thereafter, however, the court stayed or suspended the GBI enhancement, citing the moderate physical harm to the victim, defendant's rehabilitation in custody, and his "extremely traumatic, difficult and challenging childhood."

### B. Analysis

Defendant contends that this matter should be remanded for resentencing due to his counsel's prejudicial ineffective assistance in failing to object when the court: 1) did not understand what qualified as mitigating circumstances under rule 4.423, when imposing the upper term on count 1[8]; 2) made

---

[8] The mitigating circumstances that the court purportedly failed to recognize were that defendant was "under 26 years of age, or was under 26 years of age at the time of the commission of the offense" (rule 4.423(b)(6)); "defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime" (rule 4.423(b)(2)); "defendant experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence and it was a factor in the commission of the crime" (rule 4.423(b)(3)); and commission of the current offenses was "connected to" defendant's "prior victimization or childhood

7

dual use of facts to support imposition of the upper term for count 1 and consecutive terms for counts 2 and 9; and 3) considered his current convictions when finding that his convictions were numerous and of increasing seriousness (as opposed to considering only past convictions).  Respondent disputes defendant's ineffective assistance of counsel claims, and we find they lack merit.

"To obtain relief, [defendant] 'must prove " 'that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant.' " ' " (*In re Champion* (2014) 58 Cal.4th 965, 1007.)

Defendant's first contention turns on the premise that the trial court failed to understand the scope of the circumstances in mitigation under rule 4.423, apparently due to the probation report and its listing of mitigating circumstances from an outdated version of rule 4.423.[9]  However, we presume on appeal that the court correctly applied the law and considered relevant sentencing factors.  (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.)  "[U]nless the record affirmatively reflects otherwise,

---

trauma, or mental illness as defined by section 1385[, subd.] (c)" (rule 4.423(b)(4)).

[9] The current version of rule 4.423, applicable at the time of defendant's August 2022 sentencing, became effective on March 14, 2022.  Rules 4.423(b)(3), 4.423(4), and 4.423(6) were added, and 4.423(b)(2) remained the same.

the trial court will be deemed to have considered the relevant criteria, such as mitigating circumstances, enumerated in the sentencing rules." (*People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637.)

Defendant has not overcome the above-described presumption. Defendant presented relevant mitigating evidence and argument regarding his childhood trauma, mental health, and age, and the prosecution countered that defendant's childhood trauma did not outweigh the aggravating circumstances. Although the court stated that it found no circumstances in mitigation, its statements immediately thereafter establish that it recognized and considered the mitigating facts surrounding defendant's traumatic childhood in deciding that it was equitable to "stay or suspend" the GBI enhancement. Mindful of the presumption that the trial court's judgment is correct and defendant must affirmatively show error, on this record, we cannot conclude that the court's seemingly contradictory statements affirmatively demonstrate error. Contrary to defendant's argument, it does not seem reasonable to read the record as establishing that the trial court understood there were mitigating circumstances when ruling on the GBI enhancement, but immediately prior thereto lacked precisely the same understanding. The record before us thus does not affirmatively show that the court failed to recognize and consider circumstances in mitigation, as opposed to considered them, but determined they were insufficiently weighty to dissuade the court from its assessment that "circumstances in aggravation of the

9

crime . . . justif[ied]" deviation from the presumptive middle term. (§ 1170, subd. (b)(1), (2).) Because defendant has not established that the court erred in this regard, he cannot establish ineffective assistance.

Defendant's second contention — that the court made dual use of the fact that his prior convictions were numerous or of increasing seriousness — similarly fails. The record does not show that the court used this factor to impose consecutive terms on counts 2 and 9. Instead, the record clearly establishes that the court properly doubled defendant's sentence on counts 2 and 9 because of his prior strike.

Finally, with respect to defendant's claim that his counsel impermissibly failed to object when the court considered his current convictions to be aggravating under rule 4.421(b)(2), he has not established prejudice. Defendant stipulated that his prior crimes were numerous or of increasing seriousness, and this stipulation undisputedly satisfies the proof requirements of section 1170. (§ 1170, subd. (b)(2) [allowing proof of facts underlying aggravating factors by stipulation].) Given his stipulation, defendant does not show that it is reasonably probable he would have obtained a more favorable sentence had the court restricted its consideration to defendant's prior convictions.

## II.    Count 11

The parties agree that a remand for resentencing is warranted because the court abused its discretion by deciding not to dismiss count 11 due to the mistaken belief that it could limit

10

the duration of defendant's registration under section 290 to his period of parole. We accept their concession.

The trial court did not have discretion to limit defendant's registration under section 290 to his period of parole. Defendant's misdemeanor sexual battery conviction required him to register under the Act for a minimum of 10 years. (§ 290, subd. (b), (c) & (d)(1)(A).)[10] The Act "was created by the Legislature to serve as a 'comprehensive,' 'standardized, statewide system to identify, assess, monitor and contain known sex offenders for the purpose of reducing the risk of recidivism posed by these offenders, thereby protecting victims and potential victims from future harm.' " (*People v. Eastman* (2018) 26 Cal.App.5th 638, 646 (*Eastman*).) "The very nature of a 'comprehensive' and 'standardized, statewide system' is that it is not amenable to inconsistent directives crafted by individual trial courts . . . on a case-by-case basis." (*Ibid*.)

In *Eastman*, the defendant admitted to six misdemeanors pursuant section 290.006, and the court required him to register for life under section 290.[11] (*Eastman, supra*, 26 Cal.App.5th at

---

[10] Section 290 provides that every person convicted of an offense listed in subdivision (c), which includes section 243.4, "shall register" in accordance with the Act. (§ 290, subds. (b) & (c).) Section 290 designates a person that is required to register for a conviction of a misdemeanor in subdivision (c) as a "tier one offender." (§ 290, subd. (d)(1)(A).) "A tier one offender is subject to registration for a minimum of 10 years." (*Ibid.*)

[11] Section 290.006 allowed the court to order registration under section 290 for any offense not included in section 290 if the court found at time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or

pp. 639, 642.)  In doing so, the trial court rejected the suggestion that it could limit the duration of registration to the defendant's period of probation.  (*Id.* at p. 643.)  The appellate court concurred, holding that "[j]ust as a trial court may not order an individual to register under section 290 when that individual does not fall within the scope of the Act, a trial court may not order an individual to register under section 290 under conditions that are inconsistent with the requirements of section 290, such as the Act's duration provisions." (*Id.* at p. 646.)

The proper remedy for the error at issue here is to remand for further sentencing proceedings.  As set forth above, the limited registration requirement attached to count 11 cannot stand.  (*Eastman*, *supra*, 26 Cal.App.5th at p. 646.)  In addition, the court had discretion to dismiss count 11, but its ruling declining to dismiss that count was tied to the unauthorized limited registration requirement.  (See *In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1061 [a decision resting on legal error is an abuse of discretion].)

---

for purposes of sexual gratification.  (§ 290.006, subd. (a).)  At the time of the *Eastman* decision, section 290 imposed a lifetime registration requirement.  (*Eastman*, *supra*, 26 Cal.App.5th at p. 640, fn. 3.)  Commencing January 1, 2021, Senate Bill No. 384 (2017–2018 Reg. Sess.) restructured the registration requirement to establish three tiers of registration, primarily based on the offense of conviction, for periods of at least 10 years (tier one), at least 20 years (tier two), and life (tier three).  (Stats. 2017, ch. 541, § 2.5; see § 290, subd. (d).)

## DISPOSITION

We reverse the court's ruling declining to dismiss count 11, and its ruling limiting defendant's registration period under section 290 to his period of parole is vacated. The matter is remanded for further proceedings wherein the court will exercise its discretion anew in deciding whether to dismiss count 11. If the trial court declines to dismiss count 11 on remand, it must order defendant to register under section 290 for the period required by that statute.

BROWN, P. J.

WE CONCUR:

STREETER, J.
HIRAMOTO, J.*

*People v. Gildesgard* (A166203)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.